UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 25 P 3: 31

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND, | |
| Plaintiffs | |
| vs. | |
| A.C.T. ABATEMENT CORP., Defendant | |
| and | |
| PEABODY CONSTRUCTION COMPANY, Reach-and-Apply Defendant | |
| and | |
| FLEET BANK, Trustee | |

05 CV 10147 RCL

C.A. No.

RECEIPT # 611655
AMOUNT $ 150.00
SUMMONS ISSUED 2
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P
DATE 1/26/05

MAGISTRATE JUDGE TGD

## COMPLAINT

## NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145, by employee benefit plans to enforce the obligations to make contributions to such plans

due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.      Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.      Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.      Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7.     Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8.     The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9.     Defendant A.C.T. Abatement Corp. (hereinafter "A.C.T." or "the Employer") is a Massachusetts corporation with a principal place of business at 18 Broadway, Lawrence, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10.    Reach-and-Apply Defendant Peabody Construction Company (hereinafter "Peabody") is a Massachusetts corporation with a principal place of business at 536 Granite Street, Braintree, Massachusetts. Upon information and belief, A.C.T. has been working as a subcontractor to Peabody on recent projects. The Funds have a legal or equitable interest in any payments due A.C.T. from Peabody for work conducted on these projects.

11.    Fleet is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

12.    On or about May 17, 1995, defendant A.C.T. agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of A.C.T.'s signed agreement ("short form agreement") is attached hereto as Exhibit A.

3

13.    Because of the short form agreement, A.C.T. has been a party to successive collective bargaining agreements between the Eastern Massachusetts Building Wreckers' Association, Inc. and the Massachusetts Laborers' District Council, including the agreement which is effective from June, 2000 through May, 2004 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

14.    The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

15.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-14 supra.

16.    A.C.T. performed work under the terms of its collective bargaining agreement between May, 2003 and May, 2004 but failed to pay all contributions due for work performed during that period.

17.    On May 16, 19 and June 2, 2004, an auditor employed by plaintiff Funds audited A.C.T.'s payroll related records and determined that A.C.T. owes the Funds $294,638.17 in contributions for the audit period, together with $1,135.72 in interest and underpayments.

18.    A.C.T. made an initial payment of $12,000.00 to be applied toward its audit balance. Soon thereafter, on June 27, 2004, the parties entered into a Settlement Agreement which contained a payment plan providing, in relevant part, that A.C.T. would pay $12,000.00

4

each week toward its audit balance, with the exception of every fourth week, when it would pay $47,000.00. A copy of the Settlement Agreement is attached hereto as Exhibit C.

19. A.C.T. made its payments under the plan for approximately one month, successfully paying all contributions owed through January, 2004. However, A.C.T. subsequently ceased making any further payments under the payment plan.

20. As a result, A.C.T. continues to owe $72,448.19 of the original audit balance, for the period February, 2004 through May, 2004. A.C.T. has failed and refused to pay this remaining amount and has accrued an additional liability for work performed between June, 2004 and the present.

21. The failure of A.C.T. to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

22. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - REACH-AND-APPLY AGAINST PEABODY CONSTRUCTION COMPANY

23. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 above.

24. Upon information and belief, A.C.T. has been working as a subcontractor to Peabody on recent projects. Specifically, A.C.T. worked as a subcontractor to Peabody on a job at Newton South High School in Newton, Massachusetts. Upon information and belief, Peabody owes A.C.T. $83,600 in accounts receivable plus $30,023.38 in retainage for its work on the Newton job. In turn, A.C.T. owes the Funds $53,384.39 in unpaid contributions for work done

on the Newton job. The Funds have a legal or equitable interest in any payments due A.C.T. from Peabody for work conducted on the Newton job and any other projects.

25.     Peabody informed the Funds' counsel that it is holding for the Funds' benefit the $53,384.39 owed by A.C.T. in unpaid contributions for work done on the Newton job. However, despite subsequent repeated letters and phone calls, Peabody has failed and refused to remit that amount to the Funds.

26.     Further, there is no known insurance available to satisfy the judgment the Funds will obtain against A.C.T.

27.     The funds held by Peabody cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.     Order the attachment by trustee process of the bank accounts of A.C.T. held by Fleet Bank;

b.     Order the attachment of the machinery, inventory and accounts receivable of defendant A.C.T.;

c.     Enter judgment in favor of the Plaintiff Funds in the amount of $72,448.19 plus any additional amounts determined by the Court to be owed by A.C.T. or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

d.     Enter a temporary restraining order against Peabody and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to A.C.T. on account of sums that are due or will hereafter become due A.C.T. from Peabody;

e.     After notice and a hearing, enter an Order containing prayer 'd' or entering prayer 'd' as a preliminary injunction; and

f.     Such further and other relief as this Court deem appropriate.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  January _21_, 2005

GAG/gag&ts
ARS 6306 03-294/complt.doc

7

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108

## DEFENDANTS

A.C.T. Abatement Corp., Defendant

and

Peabody Construction Company, Reach-and-Apply Defendant

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

05  10147  RCL

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN 'X' IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN 'X' IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

N/A

JUDGE _____   DOCKET NUMBER _____

DATE  1/25/05

SIGNATURE OF ATTORNEY OF RECORD  _Gregory A. Geiman_

FOR OFFICE USE ONLY

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Paul J. McNally, Esq. he is Trustee,

Mass. Laborers' Health & Welfare Fund v. A.C.T. Abatement Corp. and Peabody

Construction Company, Reach-and-Apply Defendant

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE

CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

___     I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_X_     II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

___     III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

___     IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

___     V.      150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).

N/A

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
    COURT?                                                              YES  ☐      NO  ☒

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST?   (SEE 28 USC 2403)                               YES  ☐      NO  ☒
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                        YES  ☐      NO  ☐

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO
    TITLE 28 USC 2284?                                                 YES  ☐      NO  ☒

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS
    (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                     YES  ☐      NO  ☒
    OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
    (SEE LOCAL RULE 40.1(D)).                                          YES  ☐      NO  ☒

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF
    THE DISTRICT?                                                      YES  ☐      NO  ☒
    (a)     IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
    AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION;  YES  ☐  NO  ☐   N/A   OR WESTERN SECTION;  YES  ☐    NO  ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Gregory A. Geiman

ADDRESS  Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA  02108

TELEPHONE NO.  (617) 742-0208

(Category.rev - 3/97)

**MASSACHUSETTS LABORERS' DISTRICT COUNCIL**
**WRECKERS' ACCEPTANCE OF AGREEMENT AND DECLARATION OF TRUST**

#51744

The undersigned Employer has read and hereby approves the following Agreements by and between THE EASTERN MASSACHUSETTS BUILDING WRECKERS' ASSOCIATION, INC. effective JULY 1, 1994 and the Massachusetts Laborers' District Council in behalf of Building Wreckers' Local Union 1421 of the Laborers' International Union of North America, and any successor Agreement between the parties and herewith accepts the same and becomes one of the parties thereto and agrees to abide by all its terms and conditions.

The life of these Agreements is to be co-extensive with the terms set out or as they shall be set out from time to time in the aforementioned collective bargaining agreements with the above-named Association and shall continue in effect unless the Employer gives the Union notice of desired change or termination of a particular collective bargaining agreement in keeping with the applicable notice provisions contained herein.

These Agreements shall be binding upon the Employer named herein, and its successors and assigns, and no provisions herein contained shall be nullified or affected in any manner as a result of any consultation, sale, transfer, assignment, joint venture or any combination or other disposition of the Company.

The said Agreement provides among other conditions, contributions to the Massachusetts State-wide Laborers' Health & Welfare Fund, Massachusetts State-wide Laborers' Pension Fund, New England Laborers' Training Fund, Massachusetts State-wide Laborers' Annuity Fund, New England Laborers' Labor-Management Cooperation Trust, New England Laborers' Health & Safety Fund and the Massachusetts State-wide Legal Services Fund and the Employer agrees to be bound by the foregoing Agreements and Declaration of Trust and hereby irrevocably designates as its representatives of the Board of Trustees such Trustees as are named in said Agreements as Employer Trustees together with their successors selected in the manner provided within said Agreements and agrees to be bound by all actions taken by said Employer Trustees pursuant to the said Agreements and Declaration of Trust.

DATE: 5-17-95

Mass. Laborers' District
Council l/b/o Local 1421
Boston, MA

Lawrence W. Low  B.M.
**Authorized Representative**

Wrecking Local 1421
P. O. Box 1238
Boston, MA 02205
(617) 269-5456

A.C.T Abatement Corp
**Employer**

Eric Baxter  President
**Authorized Representative**

255 Erving Ave
**Address**

Lawrence  MA  01842
City  State  Zip

Telephone: 508-794-9530
541-4010

BUILDING AND SITE CONSTRUCTION AGREEMENT

between

MASSACHUSETTS LABORERS' DISTRICT COUNCIL

of the

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
AFL-CIO

and

THE LABOR RELATIONS DIVISION OF THE
ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS, INC.

and

BUILDING TRADES EMPLOYERS' ASSOCIATION OF
BOSTON AND EASTERN MASSACHUSETTS, INC.



EFFECTIVE:
JUNE 1, 2000 - MAY 31, 2004

*Section 2.*   Employees shall furnish their Employer with current telephone number or other contact at the start of each job, and advise the Employer of any subsequent change or changes in such contact during the course of the job.

*Section 3.*   Any employee who reports for work, and for whom work is provided, regardless of the time he works, shall receive the equivalent of not less than four (4) hours pay at the regular straight time hourly rate provided he is available for work throughout such period.

*Section 4.*   Any employee who reports for work and who works four (4) or more hours in any one (1) day shall receive the equivalent of not less than eight (8) hours pay at the regular straight time hourly rate provided that he is available for work until the end of that regular work day.

*Section 5.*   It is expressly provided, however, that if the employee leaves the job site without permission of the Employer, or when a person refuses to work or continue to work, or when work stoppages brought about by a third party or parties prevent or make ill-advised, in the opinion of the Employer, the performance or continuance of work, or when weather makes work impractical, payment for time not actually worked shall not be required.

*Section 6.*   Where notification of the men is required under this Agreement to the effect that work shall not be performed on a particular day, notification of such fact to the steward shall be sufficient notification to the men, provided the steward is permitted enough time during working hours to notify the men.

## ARTICLE VIII
## CHECK OFF AND PAYROLL DEDUCTION

*Section 1.*   The Employer agrees to deduct the sum of seventy cents ($.70) per hour for each hour worked from the weekly wages, after taxes, of each employee, provided, such employee has executed voluntary written authorization for such deductions to be allocated as follows:

a) Sixty-eight cents ($.68) shall be used as hourly membership dues to support the Local Unions and the Massachusetts Laborers' District Council.

b) Two cents ($.02) of the amount provided in Section 1 shall be used as a voluntary contribution payable to the Laborers' Political League (LPL) to enable the Massachusetts Laborers' District Council and its affiliated Local Unions to participate more fully in matters affecting the welfare of its members.

*Section 2.*    A sample authorization for such deductions is as follows:

### Deduction Authorization

To all Employers by whom I am employed during the terms of the present or future collective bargaining agreements either by and between signatory contractor associations and the Massachusetts Laborers' District Council of the Laborers' International Union of North America, AFL-CIO and its affiliates, or by an Employer, not a member of said associations, which has an individual collective bargaining agreement with the Council and its affiliates.

### Dues Deduction

I hereby authorize my Employer to deduct from my wages each week, sixty-eight cents ($.68) per hour for each hour worked to constitute what are known as the hourly deductions as part of my membership dues for said week owing by me to the Union.

### Laborers' Political League Fund

I further authorize the Employer to deduct the sum of two cents ($.02) per hour for each hour worked as a voluntary contribution to the Laborers' Political League (LPL), which I understand constitutes a separate aggregate fund used for the purposes allowed under the Federal Election Campaign Act, 2 U.S.C., Sec. 441b.

This authorization and assignment shall become effective on or after June 1, 2000 and shall continue in full force and effect for a period not to exceed one (1) year or the life of the existing agreement between the said Union or the Council acting on its behalf and yourself, whichever occurs sooner, and for any subsequent similar period thereafter unless revoked by me within fifteen (15) days immediately preceding such contract term or one (1) year, whichever occurs sooner. Notwithstanding the foregoing, the two cents ($.02) per hour deduction authorization for contribution to the LPL is subject to revocation at any time.

The above revocation must be in writing, bear the date and my signature,

to work each day of the seven (7) (or more) day schedule.

(b)    If Salamander heating units referred to above are to operate for more than two (2) full days but less than seven (7) full days, then four (4) six-hour (6 hour) shifts shall be established and employees so assigned shall be paid eight (8) hours pay for the six (6) hours worked on the shift.

## ARTICLE XI
## MASSACHUSETTS LABORERS' HEALTH and WELFARE FUND

**Section 1.**    Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Welfare Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

**Section 2.**    *Contributions to Fund*    Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement, to the Massachusetts Laborers' Health and Welfare Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month. The said Fund will be administered by a Board of Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the Employers. Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire. The said Fund will be used to purchase accident and sickness disability insurance and hospitalization, medical and surgical benefits and/or other welfare benefits of a similar nature for the said employees as provided in the said Trust Agreement.

The Union reserves the right to remove the employees whose wages, hours and working conditions as set forth in this Agreement from any job for which the Employer has failed to remit to the aforementioned Health and Welfare Fund monies due to the Fund within the time for payment thereof, as determined by the Board of Trustees acting under the authority of the Agreement and Declaration of Trust under which the Fund operates.

The failure to contribute by the Employer to the said Health and Welfare Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Health and Welfare Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

*Section 3.*    *New Federal Health Insurance Law*    In the event that a new federal health insurance law becomes effective during the term of this Agreement, the parties agree to meet and reopen the contract to make any changes necessitated by the law and to negotiate other provisions as may be appropriate. In the event the parties are unable to agree upon the changes required by law or other appropriate changes, the matter may proceed to final and binding arbitration pursuant to Article XXVI at the request of either party; provided that the Arbitrator shall not be permitted to increase the cost to the Employer.

## ARTICLE XII
## NEW ENGLAND LABORERS' HEALTH and SAFETY FUND

*Section 1.*    Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Safety Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.*    Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement to the New England Laborers' Health and Safety Fund.

*Section 3.*    Said sum shall be paid into the Fund no later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers.

*Section 4.*    The Plan and Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and states where this Agreement applies. The Trust and Plan

22

at all times shall be a "qualified" Trust and Plan as defined by Sec. 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers

*Section 5.* The failure to contribute by the Employer to the said Health and Safety Fund, as provided herein, for the purpose of remedy the Union may pursue, as covered in Article XX herein. The New England Laborers' Health and Safety Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

### ARTICLE XIII
### MASSACHUSETTS LABORERS' PENSION FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Pension Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement to the Massachusetts Laborers' Pension Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and the Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

The Trust and Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and the Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary

expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Pension Fund, as provided herein, for the purpose of the remedy the Union may pursue is covered in Article XX herein. The Massachusetts Laborers' Pension Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XIV
## NEW ENGLAND LABORERS' TRAINING TRUST FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Training Trust Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement, to a Training Fund known as New England Laborers' Training Trust Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts and the State of New Hampshire. The Trust and Plan at all times shall be a "qualified" Trust and Plan as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Training Fund as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX, herein. The New England Laborers' Training Trust Fund shall

meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XV
## MASSACHUSETTS LABORERS' LEGAL SERVICES FUND

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Legal Services Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by this Agreement to the Massachusetts Laborers' Legal Services Fund. Said contributions will be paid into such Fund not later than the twentieth (20th) day of each and every month for the hours worked by said employees up to the end of the last completed payroll period of the preceding calendar month. The failure to contribute to this Fund by the Employer as provided herein shall be subject to the provisions of Article XX hereof. The Massachusetts Laborers' Legal Services Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XVI
## MASSACHUSETTS LABORERS' ANNUITY FUND

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Annuity Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Trust Agreement.

*Section 2.* Each Employer agrees to pay for each hour worked by each employee, covered by this Agreement, to the Massachusetts Laborers' Annuity Fund, the negotiated contribution in each respective zone and any future allocated increase during the term of this agreement (reflected in Appendix A of this Agreement). Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month. Payment shall be made in one check and on the same form furnished by the Massachusetts Laborers' Benefit Funds. The said Fund will be administered by a Board of

Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the Employers. Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

*Section 3.*    Members of the Association and Employers subscribing to the Trust Agreement, when working outside the jurisdictional area of this Agreement in areas where they have no contractual obligation to contribute to an annuity fund, shall contribute the same amount in the same manner as set forth above to the "Massachusetts Laborers' Annuity Fund" for each Laborer when said Laborer is sent and put to work by the Employer from the territorial jurisdiction set forth in Article I.

*Section 4.*    Failure to contribute to the Fund shall be a violation of this Agreement. The Union and the Employer mutually recognize the requirement that contributions to this Fund be made on a current basis by all Employers who have made one or more contributions to the Fund or have entered into an agreement with the Union requiring such contributions.

*Section 5.*    If an audit by the Trustees or their representatives determines that an Employer has not correctly reported the hours worked by his Laborers, the Employer, in addition to other remedies provided in the Trust Agreement, shall be liable to the Fund for the cost of auditing his payroll records and for interest at the rate of ten percent (10%) per annum from the date when payment was due to the date when payment was made.

*Section 6.*    The Fund shall be used to provide benefits as determined by the Trustees in accordance with the terms of the Trust. The failure to contribute by the Employer to the said Annuity Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Annuity Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

# ARTICLE XVII
## NEW ENGLAND LABORERS' LABOR-MANAGEMENT COOPERATION TRUST

*Section 1.* Each Employer subscribes to and agrees to be bound by the New England Laborers' Labor-Management Cooperation Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by an employee covered by this Agreement to the New England Laborers' Labor-Management Cooperation Trust Fund.

*Section 3.* Said sum will be paid into said Fund not later than the twentieth (20th) day of each month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employer and others.

*Section 4.* The Plan and Trust conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The Trust and the Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required to, the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary and necessary expense of doing business in the computation of Federal Income Tax of the Employers.

*Section 5.* The failure to contribute by the Employer to the said New England Laborers' Labor-Management Cooperation Trust Fund, as provided herein, for the purpose of the remedy the union may pursue, is covered in Article XX herein.

# ARTICLE XVIII
# MASSACHUSETTS CONSTRUCTION ADVANCEMENT PROGRAM

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Construction Advancement Program Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* This Trust, known as the Massachusetts Construction Advancement Program, shall be referred to in this Article as "the Fund". The Fund shall be administered solely and exclusively by Trustees appointed pursuant to the provisions of the Trust instrument.

*Section 3.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each of its employees, covered by this Agreement, to the Massachusetts Construction Advancement Program.

*Section 4.* The Fund will be used by its Trustees for the following express purposes: A. Manpower Recruitment and Training; B. Education; C. Safety and Accident Prevention; D. Public Relations; E. Equal Employment; F. Intra-Industry Relations; G. Market Development; H. Market Research; and I. Information Services within the construction industry for the mutual benefit of Employers and their employees.

*Section 5.* The Fund shall not be used for any of the following expressly prohibited purposes: A. Lobbying in support of anti-Union legislation; B. Supporting litigation before a court or any administrative body against the Union or any of its agents; and C. Subsidizing contractors during a period or periods of work stoppages or strikes.

*Section 6.* As a part of the administration of the Fund, there shall be an annual audit of the Fund by an independent certified public accountant. A copy of the audit shall be made available to all parties signatory hereto.

*Section 7.* In the event that the Union has reasonable cause to believe that the Fund is being used for any of the purposes prohibited by Section 5, the dispute shall be subject to the arbitration provisions of this Agreement.

28

## ARTICLE XIX
## MASSACHUSETTS LABORERS' UNIFIED TRUST

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Unified Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2:* Each Employer agrees to pay the sum reflected in Appendix A in this Agreement, per hour worked by each employee covered by the terms of this Agreement to a fund known as the "Massachusetts Laborers' Unified Trust".

*Section 3:* Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a board of Trustees selected under, and subject to the provisions of a Trust Agreement and plan entered into by the Union and the Employers. The plan and trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The trust and plan at all times shall be an exempt trust and plan, as defined by Section 401 of the Internal Revenue Code. The plan and trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of federal income tax of the Employers.

*Section 4:* There shall be a total of four (4) Trustees to constitute the Board of Trustees to administer the Fund. Said Trustees to be appointed as follows: two (2) Trustees shall be appointed by the Massachusetts Laborers' District Council and two (2) Trustees shall be appointed by the Association. The representatives on the Board of Trustees shall at all times be equally divided among Union and Management. Each of the appointing parties shall have the power to remove, replace and appoint successors as Trustees appointed by them.

*Section 5:* The failure to contribute by the Employer to the said Unified Trust, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Unified Trust shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

29

## ARTICLE XX
## DELINQUENT PAYMENTS

*Section 1.*  Employers who are delinquent in their payments to the Massachusetts Health & Welfare, Pension, Legal Services, Annuity, Unified Trust, New England Laborers' Labor-Management Cooperation Trust, Training Trust and Health & Safety Funds shall not have the privilege of employing Laborers under the terms of this Agreement if such payments have not been made after written notice, sent by registered mail, return receipt requested, of such delinquency is given by the Union and seventy-two (72) hours have elapsed since such notice.  All employees affected by such delinquency to any of the above-mentioned Funds, and who have lost work as a result thereof, shall be paid their normal wages by the delinquent Employer, until said delinquency is cured and the employees resume their work.

Once an Employer has been adjudged a delinquent by any of the above-mentioned Fund Trustees, he shall, in addition to remitting to the Funds for his past delinquencies, be required to make his current payments on a weekly basis and further furnish a ten thousand dollar ($10,000) surety bond to the Trustees of each respect Fund as listed above.  All attorney's fees, sheriff's costs, accounting and court costs involved to collect delinquent payments from the delinquent Employer, or to obtain an audit from an Employer who has refused to permit one, must be borne fully by the Employer involved.

*Section 2.*  In accordance with Section 5.02(g)(2) of ERISA, as amended, the Trustees do establish the rate of interest to be paid by Employers on delinquent contributions to be the rate prescribed under Section 6621 of the Internal Revenue Code of 1954 (currently ten percent [10%] per annum); and further, liquidated damages shall be assessed in an amount of twenty percent (20%) of the amount of the delinquency, or such higher percentage as may be permitted under Federal or State Law, plus reasonable attorney's fees and costs of the action.

## ARTICLE XXI
## SEVERAL LIABILITY

*Section 1.*  The obligation of each Employer member of the Associations shall be several and not joint.  This Agreement shall be binding upon each Employer signatory hereto and its successors and assigns, and no provisions contained or incorporated herein shall be nullified or affected in any manner as a

result of any consolidations, sale, transfer, assignment, or any combination or other disposition of the Employer.

*Section 2.* The Massachusetts Laborers' District Council, a party to this Agreement, shall not be held responsible for any unauthorized act committed by any affiliated Local Union or members thereof, unless the said Massachusetts Laborers' District Council has ordered or ratified the same or condoned such act after notice thereof from either of the Associations. The Massachusetts Laborers' District Council agrees that upon the receipt of notice from either Association, parties to this Agreement, of any unauthorized act by a Local Union, it will exercise all of its authority to correct the same and furnish evidence thereof to the Association.

*Section 3.* The obligation of each Local Union, affiliated with the Massachusetts Laborers' District Council, shall be several and not joint.

*Section 4.* The Labor Relations Division of the Associated General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. shall not be responsible for any unauthorized act committed by one of its members unless either of the Associations has ordered, ratified or condoned such act after notification thereof from the Council. The Associations agree that upon the receipt of such notice from the Council of any unauthorized act of a member contractor, it will exercise all of its authority to correct the same and furnish evidence thereof to the Council.

## ARTICLE XXII
## CONSTRUCTION MANAGER

Whenever any signatory contractor performs work as a construction manager, owner/builder, or solicits bids from subcontractors, considers proposals submitted by subcontractors, or coordinates work performed by subcontractors, it shall be deemed to be a general contractor subject to the terms and conditions of this Agreement, provided, however, that this provision shall not apply to any affiliated development company of a signatory contractor.

# ARTICLE XXXI
## TERMINATION OF AGREEMENT

This Agreement will expire on May 31, 2004, except that if neither party to this Agreement gives notice in writing to the other party on or before March 31, 2004 that it desires a change after May 31, 2004, then this Agreement will continue in effect until May 31, 2005 and so on each year thereafter unless on or before March 31st of each year thereafter, a notice is given by either party.

*LABOR RELATIONS DIVISON OF THE ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS*

_____          10/26/00
Chairman, Board of Trustees                        Date:

*MASSACHUSETTS LABORERS' DISTRICT COUNCIL of the Laborers' International Union of North America on behalf of its affiliates*

_____          _____
Business Manager, Paul J. McNally                 President, James V. Merloni

10/26/00                                          10/26/00
Date:                                             Date:

*The Building Trades Employers' Assoc. of Boston & E. Mass., Inc.*

_____          11/26/00
Thomas Gunning, Executive Director                Date:

Witnessed:

_____
Armand E. Sabitoni, Vice-President & Regional Manager
& Assistant to the General President

Date: 10/26/2000

47

# APPENDIX A
## WAGE RATES AND CLASSIFICATIONS

*Section 1.* Zone 1 and Zone 2 - Wage Rates and Benefit Allocations

*ZONE 1*    Suffolk County, the City of Cambridge, and those projects that are outside the geographic limit of Suffolk county but for which the work is primarily part of projects located in Suffolk County that are covered by project agreements.

*SUFFOLK COUNTY (Boston, Chelsea, Revere, Winthrop, Deer & Nut Islands)*

*MIDDLESEX COUNTY (Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Medford, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn only)*

*NORFOLK COUNTY (Brookline, Dedham and Milton only)*

*ZONE 2*    The remaining geographical area covered by the Eastern Massachusetts Laborers Agreement

*BARNSTABLE, BRISTOL, DUKES, ESSEX, NANTUCKET, PLYMOUTH and WORCESTER COUNTIES*

*MIDDLESEX COUNTY (With the exception of Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn)*

*NORFOLK COUNTY  (With the exception of Brookline, Dedham and Milton only)*

*FRANKLIN COUNTY (Warwick, and Orange only)*

The town of Salem in Rockingham County, New Hampshire.

ZONE 1    *SUFFOLK COUNTY* (Boston, Chelsea, Revere, Winthrop, Deer & Nut Islands

*MIDDLESEX COUNTY* (Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Medford, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn only)

*NORFOLK COUNTY* (Brookline, Dedham and Milton only)

|  | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| *INCREASE | 0.50 | 0.55 | 0.55 | 0.55 | 0.60 | 0.65 | 0.85 | 0.85 |
| Wages | 21.50 | 22.05 | 22.60 | 23.15 | 23.75 | 24.40 | 25.25 | 26.10 |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 |
| H & Safety | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| MCAP/CIM | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| Total | 30.75 | 31.30 | 31.85 | 32.40 | 33.00 | 33.65 | 34.50 | 35.35 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) |

*Dues and LPL are deducted from wages*

ZONE 2    *BARNSTABLE, BRISTOL, DUKES, ESSEX, NANTUCKET, PLYMOUTH and WORCESTER COUNTIES*

*MIDDLESEX COUNTY* (With the exception of Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn)

*NORFOLK COUNTY* (With the exception of Brookline, Dedham and Milton only)

*FRANKLIN COUNTY* (Warwick, and Orange only)

The Town of Salem in Rockingham County, New Hampshire

| | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| *INCREASE | 0.45 | 0.45 | 0.45 | 0.45 | 0.55 | 0.55 | 0.65 | 0.65 |
| Wages | 19.90 | 20.35 | 20.80 | 21.25 | 21.80 | 22.35 | 23.00 | 23.65 |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 |
| H & Safety | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| MCAP/CIM | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| Total | 28.25 | 28.70 | 29.15 | 29.60 | 30.15 | 30.70 | 31.35 | 32.00 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) |

*Dues and LPL are deducted from wages*

*THE COUNCIL RESERVES THE RIGHT TO ALLOCATE THESE INCREASES IN ITS DISCRETION AMONG WAGES, FRINGE BENEFITS AND DUES DEDUCTION.

*Section 2.*    Watchmen Wage Rates and Benefit Allocation

| | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| INCREASE | 0.50 | 0.55 | 0.55 | 0.55 | 0.60 | 0.65 | 0.85 | 0.85 |
| Wages | 15.55 | | | | | | | |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 |
| H & S | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| MCAP | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) |

*Dues and LPL are deducted from wages*

SEG ROTT & COLE   ☎002

| MASS LABORERS CONTRIBUTION RATES | | | | | ZONE 1 | | ZONE 2 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| YEAR | WAGES | H&W | PENSION | ANNUITY | NMCT/UT | UT | TRAINING | LEGAL | H&S | MCAP/CIM | DUES | FRINGES | TOT PKG |
| 1996 JUN 01 | $18.95 | $3.00 | $2.15 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.55 | $7.80 | $26.75 |
| Dec-01 | $19.10 | $3.00 | $2.35 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.55 | $8.00 | $27.10 |
| 1996 JUN 01 | $19.45 | $3.00 | $2.35 | $1.50 | $0.16 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.05 | $27.50 |
| Dec-01 | $19.80 | $3.00 | $2.35 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.05 | $27.85 |
| 1997 JUN 01 | $19.80 | $2.50 | $2.35 | $2.00 | $0.65 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.55 | $28.35 |
| Sep-01 | $19.90 | $2.50 | $2.35 | $2.00 | $0.65 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $28.60 |
| Dec-01 | $20.25 | $2.50 | $2.35 | $2.00 | $0.65 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $28.95 |
| 1998 Z1/JUN1 | $20.75 | $2.50 | $2.35 | $2.00 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $29.45 |
| Z1/DEC1 | $20.25 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $29.70 |
| Z2/DEC1 | $19.05 | $2.50 | $2.35 | $2.00 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $27.75 |
| 1999 Z1/JUN1 | $20.75 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $30.20 |
| Z1/DEC1 | $21.50 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $30.95 |
| Z2/JUN1 | $19.05 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.95 | $28.00 |
| Z2/DEC1 | $19.55 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.85 | $28.50 |
| 2000 Z1/JUN1 | $21.50 | $2.50 | $2.35 | $3.15 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.85 | $31.45 |
| Z1/DEC1 | $21.50 | $2.50 | $2.35 | $3.70 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.50 | $32.00 |
| Z2/JUN1 | $19.90 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.05 | $28.95 |
| Z2/DEC1 | $20.10 | $2.50 | $2.35 | $2.50 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.06 | $0.70 | $9.30 | $29.40 |
| 2001 Z1/JUN1 | $21.75 | $2.80 | $2.35 | $3.70 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.80 | $32.55 |
| Z1/DEC1 | $22.30 | $2.80 | $2.35 | $3.70 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.80 | $33.10 |
| Z2/JUN1 | $20.25 | $2.80 | $2.35 | $2.60 | $0.18 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.80 | $29.85 |
| Z2/DEC1 | $20.70 | $2.80 | $2.35 | $2.50 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.60 | $30.30 |
| 2002 Z1/JUN1 | $22.50 | $3.15 | $2.35 | $3.70 | $0.15 | $0.50 | $0.35 | $0.10 | $0.15 | $0.05 | $0.70 | $11.20 | $33.70 |
| Z1/DEC1 | | | | | | | | | | | | $0.00 | $0.00 |
| Z2/JUN1 | $20.85 | $3.15 | $2.35 | $2.50 | $0.15 | $0.50 | $0.35 | $0.10 | $0.15 | $0.05 | $0.70 | $10.00 | $30.85 |
| Z2DEC1 | | | | | | | | | | | | $0.00 | $0.00 |

## SETTLEMENT AGREEMENT

ACT Abatement Co., Inc. ("ACT"), the Massachusetts Laborers' Benefit Funds ("Funds") and Massachusetts Laborers' District Council ("Union") state as follows:

WHEREAS, ACT is signatory to a Collective Bargaining Agreement ("Agreement") with the Massachusetts Laborers' District Council which requires it to pay fringe benefit contributions for every hour worked by its covered employees and to deduct and remit dues; and

WHEREAS, the Funds audited ACT and determined that it owes the Funds and Union $294,638.17 in contributions and dues for work performed between April, 2003 and May 21, 2004; and

WHEREAS, the Union had decided to exercise its contractual right to withhold labor and the Funds had decided to file suit as a result of this delinquency; and

WHEREAS, ACT subsequently made a payment in the amount of $25,000.00 attributable to the Kennedy School job, which payment has decreased its fringe benefit liability through May 21, 2004 to $269,638.17; and

WHEREAS, the parties wish to resolve this matter;

Now, therefore, it is agreed that:

1.     ACT will enter into joint check agreements with each general contractor for which it is currently performing work, pursuant to which the general contractor will pay the fringe benefit contributions due for May, 2004 and for all future months, until the Funds release ACT from this payment arrangement. ACT acknowledges that the May, 2004 payment only covers contributions owed through May 21, 2004, the audited period, and that contributions owed for the week ending May 28, 2004 will be included with the June, 2004 payments.

2.     ACT will provide the general contractors and Funds with copies of job reports to ensure that the general contractors and employees receive proper credit for these payments.

3.     ACT will pay the Funds the $238,277.65 balance due for work performed through April 30, 2004, in weekly minimum installments of $12,000.00, with additional balloon payments of $35,000.00 every fourth week, as follows:

| W/E | AMOUNT |
|------|--------|
| 6/18/04 | $12,000.00 |
| 6/25/04 | $12,000.00 |
| 7/2/04 | $12,000.00 |
| 7/9/04 | $47,000.00 |
| 7/16/04 | $12,000.00 |
| 7/23/04 | $12,000.00 |
| 7/30/04 | $12,000.00 |
| 8/6/04 | $47,000.00 |
| 8/13/04 | $12,000.00 |
| 8/20/04 | $12,000.00 |
| 8/27/04 | $12,000.00 |
| 9/3/04 | $36,277.65 plus interest |

*plus interest*

This payment plan will be modified, starting with the last payments first, if payments are made by third parties in accordance with separate payment arrangements made between ACT and the Funds and/or by accelerated payments from ACT.

4.   In consideration for ACT's compliance with these arrangements, the Massachusetts Laborers Benefit Funds will refrain from filing suit against ACT and the Massachusetts Laborers District Council will refrain from withholding labor.

ACT Abatement Corp.                     Massachusetts Laborers' Benefit Funds

_(signature)_                           _(signature) Thomas P. V. Mariilli_

Date: _6. 27. 04_                       Date: _June 23, 2004_

Massachusetts Laborers' District Council

_(signature) Paul F. McNally_

Date: _6-22-04_

2