UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR -3  P 2: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR. as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND<br>      Plaintiffs,<br>v.<br><br>A.C.T. ABATEMENT CORP.<br>      Defendant,<br>and<br><br>PEABODY CONSTRUCTION CO., INC.<br>      Reach and Apply Defendant<br>and<br><br>Fleet Bank,<br>      Trustee. | C.A. NO. 05-10147RCL |

## ANSWER OF PEABODY CONSTRUCTION COMPANY

Reach and Apply Defendant Peabody Construction Co, Inc. ("Peabody") answers Plaintiffs', Paul J. McNally, as he is Trustee, Massachusetts of Laborers' Health and Welfare Fund, et al ("Mass Laborers"), Complaint, paragraph by paragraph, as follows:

1

## NATURE OF ACTION

1. The allegations set forth in paragraph 1 of the Complaint are a characterization of the Complaint to which no response is required. To the extent a response is required, Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

## JURISDICTION

2. The allegations set forth in paragraph 2 of the Complaint call for a legal conclusion to which no response is required.

## PARTIES

3. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint

8. The allegations set forth in paragraph 8 of the Complaint call for a legal conclusion to which no response is required.

9. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Peabody admits that it is a Massachusetts corporation with a principal place of business at 536 Granite Street, Braintree, Massachusetts. Peabody admits that ACT has been a subcontractor to Peabody on various projects. The remaining allegations call for a legal conclusion to which no responsive pleading is required.

11. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

GENERAL ALLEGATIONS OF FACT

12. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint

14. The allegations set for in paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

## COUNT I -VIOLATION OF ERISA- DELINQUENT CONTRIBUTIONS

15. Peabody incorporates by reference its answers to paragraphs 1 through 14 above as though fully set forth herein.

16. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. The allegations set forth in paragraph 21 of the Complaint call for a legal conclusion to which no response is required.

22. The allegations set forth in paragraph 22 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

COUNT II REACH AND APPLY
AGAINST PEABODY CONSTRUCTION COMPANY

23. Peabody incorporates by reference its answers to paragraphs 1 through 22 above as though fully set forth herein.

24. Peabody admits that ACT has been a subcontractor to Peabody on recent projects, specifically the Newton South High School. Peabody denies the allegations that it owes A.C.T. $83,600 in account receivables plus $30,023.38 in retainage. Peabody is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 24 of the Complaint as they relate to the amount A.C.T. owes the Funds. The remaining allegations call for a legal conclusion to which no responsive pleading is required.

25. Peabody denies the allegations set forth in paragraph 25 of the Complaint.

26. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27  The allegations set forth in paragraph 27 of the Complaint call for a legal conclusion to which no responsive pleading is required

### FIRST AFFIRMATIVE DEFENSE

Mass Laborers' Complaint against Peabody fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any damages alleged by Mass Laborers result from the acts and/or omissions of third parties over whom Peabody has no control.

### THIRD AFFIRMATIVE DEFENSE

Mass Laborers has failed to comply with G.L. 214,§3(6).

### FOURTH AFFIRMATIVE DEFENSE

Mass Laborers' Complaint is barred by the doctrines of Estoppel and Laches.

## FIFTH AFFIRMATIVE DEFENSE

Mass Laborers' Complaint is barred by the applicable statute of limitations.

WHEREFORE, Reach and Apply Defendant Peabody Construction Company prays that Plaintiff's, Paul J. McNally, as he is Trustee, Massachusetts of Laborers' Health and Welfare Fund, et al, Complaint be dismissed, with prejudice.

> Respectfully submitted,
> Peabody Construction Co., Inc.
> By its attorneys,
>
> _____
> John J. McNamara
> BBO No. 557882
> Myles C. Beltram
> BBO No. 628339
> Domestico, Lane & McNamara, LLP
> 161 Worcester Road
> Framingham, MA  01701
> (508) 626-9000

Dated:  3/2/05

CERTIFICATE OF SERVICE

I, Myles C. Beltram, hereby certify that the foregoing was served via first class mail, postage prepaid, upon Anne R. Sills, Segal, Roitman & Coleman, 11 Beacon Street, Boston, MA 02108 on this 2nd day of March, 2005.

Myles C. Beltram