UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 SEP 28 P 1:47
U.S. DISTRICT COURT
DISTRICT OF MASS.

```
_____
                                   )
PAUL J. MCNALLY, as he is          )
TRUSTEE, MASSACHUSETTS LABORERS'   )
WELFARE FUND and NEW ENGLAND       )
LABORERS' TRAINING FUND, et al.    )
        Plaintiffs                 ) Civil Action
                                   ) Action No. 05cv10147 RCL
                                   )
                                   )
v.                                 )
                                   )
A.C.T. ABATEMENT CORP.,            )
        Defendant                  )
            and                    )
                                   )
PEABODY CONSTRUCTION COMPANY,      )
        Reach-and-Apply Defendant  )
            And                    )
                                   )
FLEET BANK,                        )
        Trustee                    )
                                   )
_____)
```

**DEFENDANT ACT ABATEMENT CORP.'S ANSWER**

1.  This paragraph contains no allegations with respect to the Defendant, A.C.T. Abatement Corp. (ACT) and, therefore, no response is required.

2.  This paragraph contains no allegations with respect to the Defendant, A.C.T. Abatement Corp. (ACT) and, therefore, no response is required.

3. ACT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

4. ACT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. ACT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6. ACT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6.

7. ACT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8. ACT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

9. ACT admits the allegations contained in paragraph 9.

10. ACT admits the first two sentences of paragraph 10. The third sentence is a legal conclusion to which no response is required.

11. ACT admits the allegations contained in paragraph 11.

12. ACT admits the allegations contained in paragraph 12.

13. ACT admits the allegations contained in paragraph 13.

14. ACT states that the agreements speak for themselves.

15. ACT repeats and realleges paragraphs 1 through 14 above.

16. ACT admits the allegations contained in paragraph 16.

17. ACT admits that an audit was conducted. ACT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

18. ACT admits the allegations contained in paragraph 18.

19. ACT admits the allegations contained in paragraph 19.

20. ACT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required.

22. Paragraph 22 does not require a response because there are no allegations with respect to ACT.

23. ACT repeats and realleges paragraphs 1 through 22 above.

24. ACT admits the allegations contained in paragraph 24.

25. ACT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25.

26. ACT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26.

27. Paragraph 27 contains legal conclusions to which no response is required.

## **AFFIRMATIVE DEFENSES**

### Payment

Since the filing of the Complaint ACT has made substantial payments to the Fund for amounts owed.

ACT DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

A.C.T. Abatement Corp.

By its attorney,

Dated: September 28, 2005

_____
Ronald W. Dunbar, Jr., BBO#567023
William R. Bagley Jr. BBO#644575
DUNBAR & RODMAN LLP
One Gateway Center - Suite 405
Newton, MA 02458
(617)244-3550

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail by hand

Dated: 9/28/05

Ronald W. Dunbar, Jr.

5