# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, NEW ENGLAND LABORERS' TRAINING TRUST FUND; LOUIS MANDARINI, JR. as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND and MASSACHUSETTS LABORERS' DISTRICT COUNCIL,<br>              Plaintiffs<br><br>          vs.<br><br>ACT ABATEMENT CORP.,<br>              Defendant<br><br>          and<br><br>PEABODY CONSTRUCTION CO., INC.,<br>              Reach-and-Apply Defendant<br><br>          and<br><br>DUNBAR & RODMAN, LLP,<br>              Trustee | C.A. No. 05-10147 RCL |

## MEMORANDUM IN SUPPORT OF MOTION FOR ATTACHMENT OF PERSONAL PROPERTY OF DEFENDANT, OR IN THE ALTERNATIVE, FOR A PRELIMINARY INJUNCTION ENJOINING THE DISBURSEMENT OF THE PROCEEDS OF THE SALE OF PERSONAL PROPERTY (WITH NOTICE)

This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 223, and Rule 4.1 Mass.R.Civ.P., Plaintiffs Paul J. McNally, as he is Trustee, New England Laborers' Training Trust Fund, *et al.* ("Funds"), are entitled to an attachment of the personal property of Defendant A.C.T. Abatement Corp. ("ACT") if they can demonstrate that they are reasonably likely to recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by ACT to be available to satisfy the judgment. See International Ass'n of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 164 F.R.D. 305, 306 (D.Mass. 1995). For the reasons stated below, Plaintiffs have satisfied the requirements for an Order of Attachment of ACT's personal property.

Plaintiffs seek the attachment of ACT's non-exempt personal property, owned by the company and utilized for business purposes, to the value of $214,966.00. The Massachusetts Rules of Civil Procedure allow for attachment up to a certain dollar value without the need to specify any particular items of personal property. See Mass.R.Civ.P. 4.1(b) (writ of attachment shall "command . . . [the officer] to attach the real or personal property of the defendant to the value of an amount approved by the court . . . .").

Plaintiffs have made every reasonable effort to resolve this dispute with ACT short of seeking the instant attachment of the company's property. As detailed below, the Funds have entered into two separate settlement agreements with ACT containing long-term payment plans, and ACT has breached both agreements. ACT promised a sizeable payment to the Plaintiff Funds in order to stave off further litigation and the threat of having laborers removed from its jobs; however, when the time came to pay, ACT refused to do so and caused the Plaintiffs to file a motion to attach that payment by trustee process before finally relenting. In the meantime, ACT has accrued further liability to the Plaintiffs. Although the Plaintiffs have been able to

2

collect a good portion of ACT's delinquency from third parties, ACT continues to owe

$75,727.77 in unpaid contributions through November, 2006, along with $51,479.53 in

underpayments and interest on late-paid contributions. The company has not made a single

payment to the Funds, out of its own pockets, since mid-2006. The Plaintiffs can no longer look

solely to third parties to pay ACT's delinquency, and they can no longer rely on the company to

negotiate in good faith. Rather, the Plaintiffs must look to the company's assets in order to make

the benefit funds whole and ensure that they meet their obligations to their members and

participants.

I.     **PLAINTIFFS HAVE DEMONSTRATED A REASONABLE LIKELIHOOD OF PREVAILING ON THE MERITS OF THEIR CLAIMS AGAINST THE DEFENDANT.**

ACT became a signatory contractor on or about May 17, 1995, when it agreed in writing

to be bound to the terms of the Restated Agreements and Declarations of Trust establishing

Plaintiff Funds, to the terms of a collective bargaining agreement with the Massachusetts

Laborers' District Council ("Union") requiring contributions to Plaintiff Funds, and to any

successor agreements. See Amended Complaint (Leave to File Granted on February 1, 2007)

("Complaint"), Ex. A. Since 1995, ACT has been a party to successive collective bargaining

agreements with the Union, including the current agreement that is effective from June, 2004

through May, 2008 ("Agreement"). Id., Ex. B. The Agreement, like its predecessor agreements,

requires employers to make contributions to Plaintiff Funds at specified amounts for each hour

worked by covered employees. See Affidavit of Philip M. Mackay in Support of Motion for

Attachment of Personal Property ("Mackay Aff."), ¶2, attached hereto as Exhibit A.

In September, 2005, the Funds audited ACT and determined that it had accrued a new

liability of $268,193.00 for the period June, 2004 through August, 2005. Mackay Aff., ¶3, Ex. 1

thereto.  An earlier audit had uncovered a contribution liability of $294,638.17 for work performed through May, 2004.  That balance was ultimately paid through the Plaintiffs' successful third-party claims and ACT's partial compliance with a settlement agreement it had entered into with the Plaintiffs.  ACT made some, but not all, of the payments it had agreed to make.  <u>See</u> Affidavit of Philip M. Mackay in Support of Emergency Motion for Attachment by Trustee Process, at Docket No. 22, Ex. 1, ¶4.

Through additional ACT and third-party payments and an agreed-upon adjustment to the audit balance, ACT was able to reduce the June, 2004 - August, 2005 audit balance to $215,180.00.  Mackay Aff., ¶4.  ACT then offered a new payment plan to the Funds' Trustees. In a January, 2006 letter, ACT conceded that it owed the Funds $186,902.25, but disputed $28,277.75 of the audit balance.[1]  <u>Id.</u>, ¶5, Ex. 2 thereto.  ACT offered in the January, 2006 letter to pay the Funds an additional $105,000.00 from the proceeds of its claim against the general contractor's bond on the Newton South High School job as a way to significantly retire its debt. <u>Id.</u>

The Funds' Trustees voted to accept ACT's January, 2006 payment offer, which also provided for monthly payments of $3,809.00 with $15,000.00 balloon payments every six months.  <u>Id.</u>, ¶6.  Although ACT did make some payments in accordance with the January, 2006 settlement agreement, the company breached this agreement when it -- again -- ceased making payments in or about July, 2006.  ACT has not made a single payment toward the ongoing delinquency out of its own pocket since about July, 2006.  <u>Id.</u>, ¶7.

ACT did ultimately remit the promised joint check for work done on the Newton South

---

[1] The Funds' Trustees voted that ACT was obligated to pay the entire audit balance of $215,180.00 and ACT's counsel was so notified after the Trustees' meeting.

High School job, but only after the Funds were forced into Court to obtain the check.  Id., ¶8.

The joint check had initially been placed in ACT's attorney's IOLTA account, with

representations made that payment would be delivered to the Funds after the check cleared and

attorney's fees were deducted, per the parties' agreement.  However, even after the check cleared

and attorney's fees were deducted, ACT refused to authorize its attorney to release it, seeking to

negotiate an after-the-fact deal whereby it would retain some further portion of amounts paid for

work done on the Newton South High School project.  Id., ¶9.  As a result, the Funds were

compelled to file a motion for an attachment by trustee process of the joint check.  See Docket

No. 21.  Only then -- after the Plaintiffs incurred further, unnecessary costs of litigation -- did

ACT relent and release the joint check to the Funds.  Mackay Aff., ¶10.

On or about December 14, 2006, the Funds audited ACT for the new period of

September, 2005 through November, 2006 and determined that ACT again underreported

contributions, thereby accruing an additional liability for the audited period, after adjustments, of

$67,714.22.  Id., ¶11, Ex. 3 thereto.  Some of this new audit balance has been satisfied via joint

check payments from general contractors on whose jobs ACT was working during the period of

the audit.  ACT has worked with the Funds to ensure that joint check agreements were executed

by the general contractors for which it is working so that it will not incur new liabilities and so

that certain contributions owed by ACT for work it performed for these contractors have been

paid.  Id., ¶12.  At the present time, as a result of the joint check payments received by the Funds

from third parties, along with adjustments made to the audit balance to account for amounts previously paid by the company, ACT's audit balance stands at $74,292.06 for the period through November, 2006. Id., ¶13. Further, ACT continues to owe $82,537.80 in underpayments and interest on late payments. Id., ¶14.

The evidence demonstrates that ACT is signatory to a collective bargaining agreement by which it is obligated to pay contributions to the Funds in specified amounts for each hour worked by covered employees. Audits of ACT's payroll records for the period through November, 2006 demonstrate that the company continues to owe the Funds an audit balance of $74,292.06, along with underpayments and interest on late-paid contributions totaling $82,537.80. ACT, via its counsel, expressly conceded in the aforementioned January, 2006 letter that it owed contributions for the period through August, 2005. Further, ACT impliedly conceded, via its arrangements for ACT's general contractors to pay portions of the company's delinquency via joint checks, to owing contributions for the period September, 2005 through November, 2006. As such, the Funds have demonstrated a reasonable likelihood of prevailing on the merits of their claims against ACT.

## II.     PLAINTIFFS ARE LIKELY TO RECOVER AN AMOUNT GREATER THAN THE AMOUNT OF THE ATTACHMENT THEY SEEK.

Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan, reasonable attorneys' fees and costs, and such other legal or equitable action as the Court deems appropriate. See 29 U.S.C. §1132(g)(2). As expressed above, the evidence is sufficient to find

that ACT is liable to the Plaintiffs for a total of $74,292.06 in unpaid contributions, $82,537.80

in underpayments and interest on late-paid contributions. If the total audit balance of $74,292.06

currently owed by ACT is paid by the end of August, 2007, the company will owe the Funds

$15,469.04 in interest thereon. See Mackay Aff., ¶15. The Agreement calls for the imposition of

liquidated damages of 20 percent of the contributions due; as such, ACT owes the Funds at least

$14,858.41 as liquidated damages. Finally, ACT owes at least $47,900.63 in attorney's fees and

costs. See Affidavit of Gregory A. Geiman ¶2, Ex. 1 thereto.

Thus, in total, the evidence is sufficient to find that ACT is liable for $74,292.06 in

unpaid contributions through November, 2006, $82,537.80 in underpayments and interest on

late-paid contributions, $15,469.04 in interest on unpaid contributions, $14,858.41 in liquidated

damages, and $47,900.63 in attorneys' fees and costs, for a total of at least $235,057.94. The

Funds seek an attachment of ACT's personal property only up to the amount of the company's

remaining liability.

## III.    DEFENDANT HAS INSUFFICIENT INSURANCE TO COVER PLAINTIFFS' CLAIMS.

As this is a contract claim, insurance would generally not be available to the Defendant

and an attachment of ACT's property is therefore allowable. In any event, the burden is on the

Defendant to show the existence of liability insurance to satisfy a prospective judgment. Johnson

v. Harris, 1991 WL 226331, *2 (D.Mass. 1991).

**IV.    ALTERNATIVELY, PLAINTIFFS SEEK AN INJUNCTION RESTRAINING THE DISTRIBUTION OF THE PROCEEDS OF ANY SALE OF ACT'S PERSONAL PROPERTY.**

If this honorable Court will not grant the Funds an attachment of ACT's personal property, as requested above, then the Funds request in the alternative that this Court grant a preliminary injunction restraining the distribution of the proceeds of any sale of ACT's personal property so that these proceeds can be applied to ACT's debt to the Funds.

Injunctive relief is specifically authorized by §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). Laborers' Fringe Benefit Funds, Detroit and Vicinity v. Northwest Concrete & Construction, Inc., 640 F.2d 1350, 1352 (6th Cir. 1981) ("Northwest Concrete"). The standard to be used by the district court in ruling on whether to grant a preliminary injunction is well established.

> In deciding whether to grant a preliminary injunction, a district court must weigh the following four factors:  1) the likelihood of the movant's success on the merits; 2) the potential for irreparable harm to the movant; 3) a balancing of the relevant equities, i.e. "the hardship to the nonmovant if the restrainer issues as contrasted with the hardship to the movant if interim relief is withheld", Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); and 4) the effect on the public interest of a grant or denial of the injunction.

Gately v. Comm. of Mass., 2 F.3d 1221, 1224 (1st Cir. 1993), cert. denied, 114 S.Ct. 1832 (1994) ("Gately"); Caroline T. v. Hudson School Dist., 915 F.2d 752, 754-755 (1st Cir. 1990); Agency Rent-A-Car, Inc. v. Connolly, 686 F.2d 1029, 1034 (1st Cir. 1982). Examination of each of these factors establishes that Plaintiffs are entitled to the relief requested.

**A.    Likelihood of Success**

As discussed above, given ACT's obligations under the Agreement to which it is signatory, given that payroll audits demonstrate that the company owes $127,207.30 in unpaid

and underpaid contributions and interest on late-paid contributions, and given that ACT has admitted owing amounts to the Funds and has assisted -- if not spearheaded -- efforts to collect its delinquency to the Funds from third parties, the Plaintiffs will succeed on the merits of this case.

**B.     Irreparable Harm**

If ACT was to distribute the proceeds of any sale of its personal property, given its failure to pay contributions owed the Funds, it would render the Funds unable to fully satisfy their fiduciary and statutory obligations to their beneficiaries and participants. The money owed by ACT is necessary to help fund the various benefit funds – which provide essential services such as health, disability, dental and prescription benefits, life and accident insurance, defined pension, annuity and training benefits – to ensure that they can meet their obligations to their members and participants. This attachment is necessary in order to guarantee payment. "ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled . . ." Central States, Southeast, and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 571 (1985). The Funds are entitled to contributions for all work performed by ACT's employees.

**C.     Balancing of Harms**

"The heart of the matter is whether 'the harm caused plaintiff without the injunction, in light of the plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause defendants.'" Gately, supra, 2 F.3d at 1225, quoting Vargas-Figueroa v. Saldana, 826 F.2d 160, 162 (lst Cir. l987) (emphasis in original).

No harm can come to ACT by being enjoined from disbursing money from the sale of its personal property other than to satisfy its debt to the Funds, a debt that is evident from the audit

reports. Meanwhile, the harm to the Funds of not receiving the contributions to which they are entitled is great. The demonstrated harm to the Funds far outweighs any harm to the Defendant.

### D.    Public Interest

Congress declared it to be the policy of ERISA to "protect . . . the interest of participants in employee benefit plans and their beneficiaries . . . by providing for appropriate remedies, sanctions, and ready access to Federal courts." 29 U.S.C. §1001(b). The House Report on the Act's enforcement provisions states that they are

> designed specifically to provide both the Secretary and participants and beneficiaries with broad remedies for redressing or preventing violations of the Act. The intent of the committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities . . .

H.R. Rep. No. 93-533, 93d Cong., 2d Sess. 17, reprinted in [1974] U.S. Code Cong. & Ad. News, p. 4639, 4655.

The federal courts have interpreted this legislative history as "unambiguous evidence" that Section 502's enforcement provisions are intended to "have teeth" and to be "liberally construed." Northwest Concrete, supra, at 1352. "Given the array of remedies that ERISA provides for redressing and preventing violations of the statute, it is not surprising that federal courts have frequently resorted to injunctive relief when it has been perceived as necessary to fully protect the statutory and contractual rights of Fund participants and beneficiaries." Metropolitan D.C. Paving Industry Employees Health and Welfare Trust Fund v. Jones & Artis Construction Co., 2 EBC 2227, 2223 (D. D.C., 1991).

"Congress made it abundantly clear that an employer would not be permitted to circumvent or ignore its funds, payment and other obligations under ERISA." A & G, citing

Northwest Concrete, supra, at 1352. The public interest in preserving the integrity of employee pension, health, and welfare plans would be furthered by issuance of the preliminary injunction.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court allow their Motion for Attachment of Personal Property of the Defendant, or in the alternative, that this Court allow their Motion for a Preliminary Injunction Enjoining the Disbursement of the Proceeds of the Sale of the Personal Property.

Respectfully submitted,

PAUL J. McNALLY, as he is
TRUSTEE, NEW ENGLAND LABORERS'
TRAINING TRUST FUND, et al.,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108
(617) 742-0208
ggeiman@segalroitman.com

Dated:  September 10, 2007

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Memorandum in Support of Motion for Attachment of Personal Property of the Defendant, or in the Alternative, for a Preliminary Injunction Enjoining the Disbursement of the Proceeds of the Sale of Personal Property (With Notice) has been served by first class mail upon the Defendant, ACT Abatement Corp. via its attorney Ronald Dunbar at Dunbar & Rodman, LLP, One Gateway Center, Newton, MA  02458 this 10th day of September, 2007.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 03-294/memo-suppmotion-pp-pi2.doc

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, NEW ENGLAND LABORERS' TRAINING TRUST FUND; LOUIS MANDARINI, JR. as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND and MASSACHUSETTS LABORERS' DISTRICT COUNCIL,<br>            Plaintiffs<br><br>            vs.<br><br>ACT ABATEMENT CORP.,<br>            Defendant<br><br>            and<br><br>PEABODY CONSTRUCTION CO., INC.,<br>            Reach-and-Apply Defendant<br><br>            and<br><br>DUNBAR & RODMAN, LLP,<br>            Trustee | C.A. No. 05-10147 RCL |

## AFFIDAVIT OF PHILIP M. MACKAY IN SUPPORT OF MOTION FOR ATTACHMENT OF PERSONAL PROPERTY OF THE DEFENDANT

1.     My name is Philip M. Mackay.  I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds").  In my capacity as Collections Agent, I review the audits of, and payments by, contractors that are bound by their collective bargaining agreements with

the Massachusetts Laborers' District Council ("Union") to make contributions to the Funds for their laborer employees.

2.      ACT Abatement Corp. ("ACT") has been a party to successive collective bargaining agreements with the Massachusetts Laborers' District Council, including the agreement which is effective from June, 2004 through May, 2008 ("the Agreement"). The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked.

3.      In September, 2005, the Funds audited ACT and determined that, although the company had paid all contributions owed through May, 2004, it had accrued a new liability of $268,193.00 for the period June, 2004 through August, 2005.

4.      Through additional ACT and third-party payments and an agreed-upon adjustment to the audit balance, ACT was able to reduce the June, 2004 -- August, 2005 audit balance to $215,180.00.

5.      In a January, 2006 letter, ACT conceded that it owed the Funds $186,902.25, but disputed $28,277.75 of the audit balance. A true and accurate copy of ACT's letter is attached hereto as Exhibit 1. ACT agreed in the January, 2006 letter to pay the Funds an additional $105,000.00 from the proceeds of its claim against the general contractor's bond on the Newton South High School job on which it had been working.

6.      The Funds' Trustees voted to accept ACT's January, 2006 payment offer, which also provided for monthly payments of $3,809.00 with $15,000.00 balloon payments every six months.

7. Although ACT did make some payments in accordance with the January, 2006 settlement agreement, the company ceased making payments in or about July, 2006. ACT has not made a single payment toward the ongoing delinquency out of its own pocket since about July, 2006.

8. ACT did ultimately remit the promised joint check for work done on the Newton South High School job, but only after the Funds were forced to incur further attorney's fees and file motions with the Court to obtain the check.

9. ACT refused to authorize its attorney to release the joint check for work done on the Newton South High School job as promised, seeking instead to negotiate an after-the-fact deal whereby it would retain some further portion of amounts paid for work done on the project.

10. Only after the Funds filed a motion to attach the joint check in the attorney's account did ACT relent and release the joint check to the Funds.

11. On or about December 14, 2006, the Funds audited ACT for the new period of September, 2005 through November, 2006 and determined that ACT again underreported contributions, thereby accruing an additional liability for the audited period, after adjustments, of $67,714.22. A true and accurate copy of the Funds' December 14, 2006 audit report is attached hereto as Exhibit 2.

12. ACT has worked with the Funds to ensure that joint check agreements were executed by the general contractors for which it is working so that it will not incur new liabilities and so that certain contributions owed by ACT for work it performed for these contractors have been paid.

09/10/2007 15:31 FAX 781 272 2226    MASS LABORERS FUND    Case 1:05-cv-10147-RCL    Document 32-2    Filed 09/10/2007    Page 4 of 4    @002    F-176

Sep-10-07    04:27pm    From-Segal, Roitman & Coleman    617 742-6181    T-525    P.004/004    F-176

13.    At the present time, as a result of the joint check payments received by the Funds from third parties, along with adjustments made to the audit balance to account for amounts previously paid by the company, ACT's audit balance stands at $74,292.06 for the period through November, 2006.

14.    Further, ACT continues to owe $82,537.80 in underpayments and interest on late payments.

15.    If the total audit balance of $74,292.06 currently owed by ACT is paid by the end of August, 2007, the company will owe the Funds $15,469.04 in interest thereon.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 10th DAY OF SEPTEMBER, 2007.

_____
Philip M. Mackay


## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit of Philip M. Mackay in Support of Motion for Attachment of Personal Property of the Defendant has been served by first class mail upon the Defendant, ACT Abatement Corp. via its attorney Ronald Dunbar at Dunbar & Rodman, LLP, One Gateway Center, Newton, MA  02458 this 13 day of September, 2007.

_____
Gregory A. Geiman, Esquire


GAG/gag/ets
ARS 6306 03-294/affmackay3.doc

# DUNBAR &
# RODMAN LLP

ONE GATEWAY CENTER • SUITE 405
NEWTON, MASSACHUSETTS 02458
TEL: (617) 244-3550
FAX: (617) 244-6363
WEB: WWW.DUNBARRODMAN.COM

**BY HAND**

January 18, 2006

Anne R. Sills, Esquire
Segal Roitman & Coleman
11 Beacon Street
Boston, MA 02018

Re:    McNally, et al. v. ACT Abatement Corp., et al.
       United States District Court Civil Action No. 05-101147-RCL

Dear Anne:

Below is ACT Abatement Corp.'s ("ACT") proposal with respect to paying the outstanding amounts owed to the Massachusetts Laborers' Health and Welfare Fund (the "Union").

According to the Union's audit of ACT's books and records at the end of last year, ACT owes the Union $255,865. Since the audit, the Union has received payments from Act of $40,685 as a result of joint check arrangements on three (3) of ACT's jobs. Thus, the adjusted amount owed to the Union is $215,180.[1]

ACT proposes to pay the $186,902.25 as follows:

1.  Direct payment of, at least, $105,000 to the Union from Peabody Construction with respect to the Newton South High School project;[2]

2.  The remaining $81,902.25 will be paid according to the following schedule: $3,809.30 per month (beginning in February) for eleven months with an additional lump sum payment of $15,000 in July of 2006 and additional lump sum payment of $25,000 in December of 2006 (the additional lump sum

---

[1] Included within the $215,180 is $28,277.75 attributable to work performed in Manchester, New Hampshire. Manchester, New Hampshire, however, is not included within the scope of the collective bargaining agreement. Salem, New Hampshire is the only New Hampshire location included. See Appendix A to the collective bargaining agreement (Wage Rates and Classifications). Consequently, ACT disputes that it owes the $28,277.75 associated with the Manchester, New Hampshire work. Removing the $28,277.75 from the amount owed, leaves a balance of $186,902.25. ACT's payment plan sets forth ACT's proposal to pay the $186,902.25 only.
[2] ACT strongly believes that Peabody Construction owes ACT $190,385.80. To the extent that ACT receives any funds over $105,000 (possibly an additional $85,000), ACT will pay those funds to the Union immediately upon receipt if any past due amounts are owed to the Union at that time.

# DUNBAR &
# RODMAN LLP

Anne R. Sills, Esquire
Segal Roitman & Coleman
January 18, 2006
Page 2 of 2

    payments will be made in addition to the regular $3,809.30 monthly payment, due in July and December); and

3.  ACT will also pay interest at the end of the payment plan once a mutually agreeable interest amount is determined between the Union and ACT.

ACT will remain current with respect to its regular monthly obligations to the Union. It should be noted that, as of today, ACT is current.

ACT's goal is to pay the Union as quickly as possible taking into consideration ACT's historical cash flow over the course of the year. If ACT receives additional funds, that are not contemplated today, that are sufficient to increase the payments to the Union (above the payments outlined herein), ACT will make additional payments to the Union with the goal of paying the Union's entire outstanding balance within six (6) months.

As you know, ACT has reduced substantially the amounts owed to the Union over the last year and remains committed to becoming entirely current no later than the end of this year.

If you have any questions, please call me.

OK  1/18/06  10⁴¹

Sincerely,

Ronald W. Dunbar, Jr.
Cc: Eric Jeter

MASSACHUSETTS LABORERS' BENEFIT FUNDS
14 NEW ENGLAND EXECUTIVE PARK-SUITE 200
P.O. BOX 4000, BURLINGTON, MA 01803-0900
TELEPHONE (781) 272-1000
FAX (781) 272-2226
1(800)342-3792



*KS*

12/14/2006

51744

ERIC X14
A C T ABATEMENT CORP
18 BROADWAY
LAWRENCE, MA 01840

DEAR ERIC X14,

OUR RECENT AUDIT OF YOUR LABORERS' PAYROLL RECORDS FOR THE PERIOD OF:
09/2005-11/2006 REVEALED AN OUTSTANDING BALANCE OF: $    80,715.90.

IF APPLICABLE, ATTACHED PLEASE FIND AUDIT REMITTANCE REPORTS LISTING
THE HOURS AND AMOUNTS DUE FOR EACH LABORER BY MONTH. THESE REPORTS
MUST BE RETURNED WITH YOUR CHECK IN ORDER TO INSURE THAT PROPER
CREDIT IS GIVEN TO EACH LABORER.

IN ADDITION, ANY PAST DUE AUDIT BALANCES, OUTSTANDING INTEREST,
UNDERPAYMENTS AND OTHER FEES ARE LISTED BELOW AND ARE DUE AND
PAYABLE AT THIS TIME.

| AUDIT PERIOD | AMOUNT DUE | PYMTS/ADJ RECVD | BALANCE DUE |
|---|---|---|---|
| 11/2006-11/2006 | 13,046.80 | .00 | 13,046.80 |
| 07/2006-10/2006 | 24,471.20 | .00 | 24,471.20 |
| 03/2006-06/2006 | 43,683.11 | 20,636.90 | 23,046.21 |
| 02/2006-02/2006 | .00 | .00 | .00 |
| 01/2006-01/2006 | 20,151.69 | .00 | 20,151.69 |
| 09/2005-12/2005 | 29,682.95 | .00 | 29,682.95 |
| 08/2005-08/2005 | 200,917.38 | 95,736.21 | 105,181.17 |
| 01/2005-07/2005 | 119,020.14 | 119,027.63 | 7.49- |
| 06/2004-12/2004 | 31,360.52 | 31,359.64 | .88 |
| 05/2004-05/2004 | 256,823.10 | 256,823.01 | .09 |
| 01/2004-04/2004 | 42,212.09 | 42,212.08 | .01 |
| 04/2003-12/2003 | | | |

TOTAL HOUR CARD:                                                    .00

OUTSTANDING A/R:                                              57,954.47

AUDIT FEES:                                                        .00

LAWYERS FEES:                                                      .00

NET AMOUNT DUE:                                              273,527.98


MASSACHUSETTS LABORERS' BENEFIT FUNDS
14 NEW ENGLAND EXECUTIVE PARK-SUITE 200
P.O. BOX 4000, BURLINGTON, MA 01803-0900
TELEPHONE (781) 272-1000
FAX (781) 272-2226
1(800)342-3792

UPON RECEIPT OF ANY DELINQUENT CONTRIBUTIONS TO THE FUND OFFICE, INTEREST WILL BE ASSESSED AT THE RATE(S) IN EFFECT FROM THE DATE OF THE DELINQUENCY. ALL OTHER AUDIT RELATED AMOUNTS LISTED ABOVE ARE DUE 30 DAYS FROM THE DATE CHARGED. IF PAYMENT FOR THESE ITEMS IS NOT RECEIVED ON OR BEFORE THAT DATE, INTEREST WILL BE CHARGED ON THESE ITEMS AS WELL. INTEREST WILL BE COMPOUNDED MONTHLY AT THE RATE CURRENTLY IN EFFECT.

ANY DELINQUENCY IS IN VIOLATION OF THE LABORERS' AGREEMENT ARTICLE XI - XVII. UNLESS PAYMENT IN FULL IS RECEIVED WITHIN TEN(10) DAYS WE ARE OBLIGATED BY ARTICLE XVII TO SEND YOU A SEVENTY-TWO(72) HOUR NOTICE. IF A SEVENTY-TWO(72) HOUR NOTICE IS ISSUED, ANY LABORERS WHO ARE AFFECTED BY YOUR DELINQUENCY SHALL BE PAID THEIR NORMAL WAGES UNTIL THE DELINQUENCY IS CURED AND LABORERS RESUME THEIR WORK. IN ADDITION, YOU WILL BE REQUIRED TO FURNISH A TEN THOUSAND DOLLAR ($10,000.00) SURETY BOND TO EACH OF THE FUNDS. YOU WILL ALSO ASSUME RESPONSIBILITY FOR ANY AND ALL ATTORNEY'S FEES, SHERIFF'S COSTS, ACCOUNTING AND COURT COSTS INVOLVED, AND LIQUIDATED DAMAGES OF TWENTY PERCENT(20%) OF THE DELINQUENT AMOUNT.

THANK YOU FOR YOUR ANTICIPATED COOPERATION.

VERY TRULY YOURS,

FIELD AUDITOR
MASS. LABORERS' BENEFIT FUNDS

ENCLOSURE

CC:

**MASSACHUSETTS LABORERS' BENEFIT FUNDS**
**FIELD AUDIT REPORT**

| | |
|---|---|
| Audit Performed by: | Mike Tracia |
| Contractor: | ACT Abatement |
| Contractor # | 51744 |
| Address: | 18 Broadway Lawrence,Ma.01840 |
| | |
| Local # | 1421 |
| Date Signed: | May-95 |
| Contact Person: | Eric |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | 20258 |
| | | | | | | 20423 |
| Audit Control # | 2003 | 2004 | 2005 | 20421 2006 | | 20598 |

| | |
|---|---|
| Audit date: | 12/12/06 |
| Audit Period: | 9/2005-11/2006 |
| Last audit date: | 8/2005 |
| Reason for audit: | Request |

Contractor Balance Due?           YES ___x___           NO _____

If yes, balance due because of:

| | |
|---|---|
| Delinquent: | x |
| Shortage in hours reported: | x |
| Failure to pay contributions on certain laborers: | x |

Types of records reviewed:

| | |
|---|---|
| Payroll registers: | x |
| Employee Histories: | |
| Federal Tax Form 941: | x |
| Certified Payrolls | |
| MA State Tax Form WR-1: | x |
| Other: | |

Audit Performed Via:       BCH-270- ____x____  Excel- _____  Manual- _____

## Summary of Amount Due

| | |
|---|---|
| **2003** | _____ |
| **2004** | _____ |
| **2005** | $20,151.69 |
| **2006** | $60,564.21 |
| **TOTAL** | $80,715.90 |

Contact agrees with findings:          **Yes:** _____ **\*\*NO:** _____

\*\* Reason: _____

Contractor needs time to review audit findings

## Audit Summary

Contractor is delinquent for October 2006.Some hours were reported for September 2006

Audit includes November 2006

Additional hours picked up for laborers.All hours were billed at the wrecking rate or zone 1

If the contractor provides job breakdown of hours it will reduce the audit balance by the rate difference.

The audit balance may also be reduced if some hours were worked outside jurisdiction.

REAUREMRPT

PAGE    1

**MASS LABORERS BENEFIT FUND**
**14 N. E. EXECUTIVE PARK**
**P. O. BOX 4000**
**BURLINGTON, MA  01803-0900**
**TEL. (617) 272-1000**
**AUDIT REMITTANCE REPORT**

MZT

12/14/06

| | | | | | | REPORT DATE: | 9/2005 |
|---|---|---|---|---|---|---|---|
| | | | | | | ZONE. . . . .: | MA 01 |
| | | | | | | CONTRACT # : | YEA2 |
| | | | | | | AUDIT # . . .: | 20421 |

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY
LAWRENCE, MA                          01840

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | GUDIEL, FRANC | 1421 | 17.25 | 15.750 | 271.69 | _____ | 271.69 |
| | *TOTAL DUE: | | 17.25 | HRS | 271.69 | | 271.69 |
| | *TOTAL PAID: | | _____ | | _____ | | |
| | *BALANCE: | | _____ | | _____ | | |
| | *EMPLOYEES LISTED: | | 1 | | | | |
| | *EMPLOYEES PAID: | | _____ | | | | |

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

PAGE    2

12/14/06

MZT

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY
LAWRENCE, MA

01840

| REPORT DATE: | 10/2005 |
|---|---|
| ZONE. . . .: | MA 01 |
| CONTRACT # : | AGC2 |
| AUDIT # . .: | 20421 |

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | HOPKINS, BRUC | 1421 | 127.00 | 15.750 | 2000.25 | _____ | 2271.94 |
| 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 | RECINOS, MARI | 1421 | 43.50 | 15.750 | 685.13 | _____ | 2957.07 |
| 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 | LEMUS, MANUEL | 1421 | 72.00 | 15.750 | 1134.00 | _____ | 4091.07 |
| 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 | BALTAZAR, GER | 1421 | 157.00 | 15.750 | 2472.75 | _____ | 6563.82 |
| 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 | BATISTA, ANGE | 175 | 24.00 | 15.750 | 378.00 | _____ | 6941.82 |
| 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 | SOLIS, EUGENI | | 16.00 | 15.750 | 252.00 | _____ | 7193.82 |
| 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 | LOPEZ, RODOLF | 1421 | 24.00 | 15.750 | 378.00 | _____ | 7571.82 |
| 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 | HOPKINS, BRAN | 14 | 8.00 | 15.750 | 126.00 | _____ | 7697.82 |
| 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 | VELASQUEZ, ED | 1421 | 8.00 | 15.750 | 126.00 | _____ | 7823.82 |
| 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 | RODRIGUEZ-BAU | 1421 | 173.00 | 15.750 | 2724.75 | _____ | 10548.57 |
| 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 | REYES, RUDY | 1421 | 176.00 | 15.750 | 2772.00 | _____ | 13320.57 |
| 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 | LIMA, HECTOR | 1421 | 24.00 | 15.750 | 378.00 | _____ | 13698.57 |
| 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 | ESTRADA, MAYN | 1421 | 164.00 | 15.750 | 2583.00 | _____ | 16281.57 |
| 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 | GUZMAN, RUBEN | 1421 | 44.75 | 15.750 | 704.81 | _____ | 16986.38 |
| 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 | GUDIEL, FRANC | 1421 | 24.00 | 15.750 | 378.00 | _____ | 17364.38 |
| 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 | RECINOS, JUAN | 1421 | 34.00 | 15.750 | 535.50 | _____ | 17899.88 |

```
            *TOTAL DUE:      1119.25   HRS     17628.19          17899.88
            *TOTAL PAID:   _____                   _____
            *BALANCE:      _____                   _____

            *EMPLOYEES LISTED:     16
            *EMPLOYEES PAID:    _____
```

PAGE    3

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

12/14/06

MZT

| | | | |
|---|---|---|---|
| EMPLOYER: 51744 | | REPORT DATE: | 11/2005 |
| A C T ABATEMENT CORP | | ZONE. . . .: | MA 01 |
| 18 BROADWAY | 01840 | CONTRACT # : | AGC2 |
| LAWRENCE, MA | | AUDIT # . .: | 20421 |

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | RECINOS, MARI | 1421 | 5.00 | 15.750 | 78.75 | _____ | 17978.63 |
| 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 | BATISTA, RAMO | 175 | 24.00 | 15.750 | 378.00 | _____ | 18356.63 |
| 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 | BATISTA, JOSE | 175 | 24.00 | 15.750 | 378.00 | _____ | 18734.63 |
| 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 | BALTAZAR, GER | 1421 | 7.00- | 15.750 | 110.25- | _____ | 18624.38 |
| 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 | BATISTA, ANGE | 175 | 36.00 | 15.750 | 567.00 | _____ | 19191.38 |
| 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 | SOLIS, EUGENI | | 12.00 | 15.750 | 189.00 | _____ | 19380.38 |
| 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 | LOPEZ, RODOLF | 1421 | 4.00 | 15.750 | 63.00 | _____ | 19443.38 |
| 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 | RODRIGUEZ-BAU | 1421 | 25.00- | 15.750 | 393.75- | _____ | 19049.63 |
| 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 | REYES, RUDY | 1421 | 23.00 | 15.750 | 362.25 | _____ | 19411.88 |
| 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 | LIMA, HECTOR | 1421 | 25.00 | 15.750 | 393.75 | _____ | 19805.63 |
| 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 | ESTRADA, MAYN | 1421 | 2.00 | 15.750 | 31.50 | _____ | 19837.13 |
| 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 | GUZMAN, RUBEN | 1421 | 49.75 | 15.750 | 783.56 | _____ | 20620.69 |
| 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 | GUDIEL, FRANC | 1421 | 21.00 | 15.750 | 330.75 | _____ | 20951.44 |
| 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 | RECINOS, JUAN | 1421 | 8.00 | 15.750 | 126.00 | _____ | 21077.44 |

| | | | | |
|---|---|---|---|---|
| *TOTAL DUE: | 201.75 | HRS | 3177.56 | 21077.44 |
| *TOTAL PAID: | _____ | | _____ | |
| *BALANCE: | _____ | | _____ | |
| | | | | |
| *EMPLOYEES LISTED: | 14 | | | |
| *EMPLOYEES PAID: | _____ | | | |

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

12/14/06

MZT

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| EMPLOYER: 51744 | | | | REPORT DATE: | | | 12/2005 |
| A C T ABATEMENT CORP | | | | ZONE. . . . .: | | | MA 01 |
| 18 BROADWAY | | | | CONTRACT # : | | | AGC2 |
| LAWRENCE, MA | | 01840 | | AUDIT # . .: | | | 20421 |

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | HOPKINS, BRUC | 1421 | 25.00- | 16.100 | 402.50- | | 20674.94 |
| 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 | RECINOS, MARI | 1421 | 21.00- | 16.100 | 338.10- | | 20336.84 |
| 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 | BALTAZAR, GER | 1421 | 18.00- | 16.100 | 289.80- | | 20047.04 |
| 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 | BATISTA, ANGE | 175 | 20.00- | 16.100 | 322.00- | | 19725.04 |
| 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 | SOLIS, EUGENI | | 21.50- | 16.100 | 346.15- | | 19378.89 |
| 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 | LOPEZ, RODOLF | 1421 | 135.50 | 16.100 | 2181.55 | | 21560.44 |
| 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 | REYES, RUDY | 1421 | 13.00- | 16.100 | 209.30- | | 21351.14 |
| 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 | LIMA, HECTOR | 1421 | 25.00- | 16.100 | 402.50- | | 20948.64 |
| 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 | ESTRADA, MAYN | 1421 | 13.00- | 16.100 | 209.30- | | 20739.34 |
| 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 | GUDIEL, FRANC | 1421 | 16.50- | 16.100 | 265.65- | | 20473.69 |
| 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 | RECINOS, JUAN | 1421 | 20.00- | 16.100 | 322.00- | | 20151.69 |

*TOTAL DUE:        57.50-   HRS        925.75-        20151.69
*TOTAL PAID:       _____              _____
*BALANCE:          _____              _____

*EMPLOYEES LISTED:      11
*EMPLOYEES PAID:   _____

PAGE    1

REAUREMRPT

**MASS LABORERS BENEFIT FUND**
**14 N. E. EXECUTIVE PARK**
**P. O. BOX 4000**
**BURLINGTON, MA   01803-0900**
**TEL. (617) 272-1000**
**AUDIT REMITTANCE REPORT**

MZT

12/14/06

| | |
|---|---|
| EMPLOYER: 51744 | REPORT DATE:    3/2006 |
| A C T ABATEMENT CORP | ZONE. . . .:    MA 00 |
| 18 BROADWAY | CONTRACT # :    WRK5 |
| LAWRENCE, MA          01840 | AUDIT # . .:    20258 |

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | HOPKINS, BRUC | 1421 | 2.00 | 16.300 | 32.60 | _____ | 32.60 |
| 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 | ROSARIO, RAMO | 175 | 8.00 | 16.300 | 130.40 | _____ | 163.00 |
| 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 | LIMA, HECTOR | 1421 | 32.00- | 16.300 | 521.60- | _____ | 358.60 |

```
                    *TOTAL DUE:      22.00-   HRS      358.60-           358.60
                    *TOTAL PAID:   _____        _____
                    *BALANCE:      _____        _____

                    *EMPLOYEES LISTED:      3
                    *EMPLOYEES PAID:     _____
```

REAUREMRPT

PAGE    2

**MASS LABORERS BENEFIT FUND**
**14 N. E. EXECUTIVE PARK**
**P. O. BOX 4000**
**BURLINGTON, MA  01803-0900**
**TEL. (617) 272-1000**
**AUDIT REMITTANCE REPORT**

MZT

12/14/06

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY
LAWRENCE, MA

01840

REPORT DATE:    4/2006
ZONE. . . .:   MA 00
CONTRACT # :    WRK5
AUDIT # . .:   20258

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | HOPKINS, BRUC | 1421 | 11.33 | 16.300 | 184.68 | _____ | 173.92 |
| 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 | BATISTA, JOSE | 175 | 8.00 | 16.300 | 130.40 | _____ | 43.52 |
| 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 | BATISTA, ANGE | 175 | 6.00 | 16.300 | 97.80 | _____ | 54.28 |
| 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 | GUDIEL, MARIO | | 85.00 | 16.300 | 1385.50 | _____ | 1439.78 |
| 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 | BETHANCOURT, | 1421 | 8.00 | 16.300 | 130.40 | _____ | 1570.18 |
| 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 | CALDERON, MAR | 1421 | 102.00 | 16.300 | 1662.60 | _____ | 3232.78 |
| 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 | GUDIEL, WILSO | 1421 | 102.00 | 16.300 | 1662.60 | _____ | 4895.38 |
| 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 | HOPKINS, BRAN | 14 | 15.00- | 16.300 | 244.50- | _____ | 4650.88 |
| 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 | RODRIGUEZ-BAU | 1421 | 9.00- | 16.300 | 146.70- | _____ | 4504.18 |
| 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 | REYES, RUDY | 1421 | 8.00 | 16.300 | 130.40 | _____ | 4634.58 |
| 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 | LIMA, HECTOR | 1421 | 8.00 | 16.300 | 130.40 | _____ | 4764.98 |
| 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 | GUDIEL, FRANC | 1421 | 64.00 | 16.300 | 1043.20 | _____ | 5808.18 |
| 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 | GONZALEZ, ENR | 1421 | 59.00 | 16.300 | 961.70 | _____ | 6769.88 |
| 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 | RECINOS, JUAN | 1421 | 32.00- | 16.300 | 521.60- | _____ | 6248.28 |

\*TOTAL DUE:       405.33    HRS      6606.88              6248.28
\*TOTAL PAID:    _____                      _____
\*BALANCE:       _____                      _____

\*EMPLOYEES LISTED:      14
\*EMPLOYEES PAID:     _____

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

MZT

12/14/06

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY                          01840
LAWRENCE, MA

REPORT DATE:      5/2006
ZONE. . . .:      MA 00
CONTRACT # :      WRK5
AUDIT # . .:      20258

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | HOPKINS, BRUC | 1421 | 41.00 | 16.300 | 668.30 | _____ | 6916.58 |
| 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 | RODRIGUEZ-COL | 1421 | 56.00 | 16.300 | 912.80 | _____ | 7829.38 |
| 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 | BRITO, MANUEL | 1421 | 8.00 | 16.300 | 130.40 | _____ | 7959.78 |
| 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 | COOKE, DEREK | 22 | 32.00 | 16.300 | 521.60 | _____ | 8481.38 |
| 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 | RECINOS, MARI | 1421 | 134.00 | 16.300 | 2184.20 | _____ | 10665.58 |
| 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 | BATISTA, RAMO | 175 | 32.00- | 16.300 | 521.60- | _____ | 10143.98 |
| 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 | BATISTA, JOSE | 175 | 72.00 | 16.300 | 1173.60 | _____ | 11317.58 |
| 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 | BATISTA, ANGE | 175 | 56.00 | 16.300 | 912.80 | _____ | 12230.38 |
| 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 | GUDIEL, MARIO | | 78.00 | 16.300 | 1271.40 | _____ | 13501.78 |
| 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 | PIMENTEL, JOS | 1421 | 8.00 | 16.300 | 130.40 | _____ | 13632.18 |
| 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 | SOLIS, EUGENI | | 34.50 | 16.300 | 562.35 | _____ | 14194.53 |
| 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 | GARCIA, BYRON | 175 | 83.00 | 16.300 | 1352.90 | _____ | 15547.43 |
| 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 | DIAZ, ANNIBAL | | 8.00 | 16.300 | 130.40 | _____ | 15677.83 |
| 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 | HARRIS, CUTHE | | 112.00 | 16.300 | 1825.60 | _____ | 17503.43 |
| 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 | LOPEZ, RODOLF | 1421 | 72.00 | 16.300 | 1173.60 | _____ | 18677.03 |
| 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 | CALDERON, MAR | 1421 | 41.50 | 16.300 | 676.45 | _____ | 19353.48 |
| 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 | GUDIEL, WILSO | 1421 | 96.00 | 16.300 | 1564.80 | _____ | 20918.28 |
| 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 | RODRIGUEZ-BAU | 1421 | 120.00 | 16.300 | 1956.00 | _____ | 22874.28 |
| 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 | SANTIAGO, EFR | 1421 | 8.00 | 16.300 | 130.40 | _____ | 23004.68 |
| 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 | CORRIEA, MELV | | 32.00 | 16.300 | 521.60 | _____ | 23526.28 |
| 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 | MOSQUEA, GILB | 175 | 8.00 | 16.300 | 130.40 | _____ | 23656.68 |
| 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 | REYES, RUDY | 1421 | 99.00 | 16.300 | 1613.70 | _____ | 25270.38 |
| 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 | LIMA, HECTOR | 1421 | 142.00 | 16.300 | 2314.60 | _____ | 27584.98 |
| 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 | LOPEZ, GERSON | | 24.00 | 16.300 | 391.20 | _____ | 27976.18 |
| 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 | GUDIEL, FRANC | 1421 | 104.50 | 16.300 | 1703.35 | _____ | 29679.53 |
| 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 | GONZALEZ, ENR | | 162.75 | 16.300 | 2652.83 | _____ | 32332.36 |
| 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 | RECINOS, JUAN | 1421 | 32.00 | 16.300 | 521.60 | _____ | 32853.96 |
| 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 | RECINOS, WALT | 1421 | 80.00 | 16.300 | 1304.00 | _____ | 34157.96 |

*TOTAL DUE:        1712.25    HRS        27909.68                    34157.96
*TOTAL PAID:     _____              _____
*BALANCE:        _____              _____

*EMPLOYEES LISTED:      28
*EMPLOYEES PAID:     _____

REAUREMRPT

PAGE    4

**MASS LABORERS BENEFIT FUND**
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

MZT

12/14/06

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY
LAWRENCE, MA

01840

| REPORT DATE: | 6/2006 |
|---|---|
| ZONE. . . .: | MA 00 |
| CONTRACT # : | WRK5 |
| AUDIT # . .: | 20258 |

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | HOPKINS, BRUC | 1421 | 201.00- | 16.900 | 3396.90- | _____ | 30761.06 |
| 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 | IRIZARRY, SAM | | 23.00 | 16.900 | 388.70 | _____ | 31149.76 |
| 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 | RODRIGUEZ-COL | 1421 | 14.00- | 16.900 | 236.60- | _____ | 30913.16 |
| 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 | COOKE, DEREK | 22 | 153.00- | 16.900 | 2585.70- | _____ | 28327.46 |
| 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 | ROSARIO, RAMO | 175 | 207.50- | 16.900 | 3506.75- | _____ | 24820.71 |
| 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 | RECINOS, MARI | 1421 | 98.00 | 16.900 | 1656.20 | _____ | 26476.91 |
| 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 | BATISTA, RAMO | 175 | 38.00 | 16.900 | 642.20 | _____ | 27119.11 |
| 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 | BATISTA, JOSE | 175 | 138.00- | 16.900 | 2332.20- | _____ | 24786.91 |
| 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 | BALTAZAR, GER | 1421 | 88.00- | 16.900 | 1487.20- | _____ | 23299.71 |
| 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 | BATISTA, ANGE | 175 | 112.00- | 16.900 | 1892.80- | _____ | 21406.91 |
| 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 | GUDIEL, MARIO | | 108.00 | 16.900 | 1825.20 | _____ | 23232.11 |
| 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 | ORTEGA, LUIS | 1421 | 16.00- | 16.900 | 270.40- | _____ | 22961.71 |
| 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 | SOLIS, EUGENI | | 80.00 | 16.900 | 1352.00- | _____ | 21609.71 |
| 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 | LOPEZ, RODOLF | 1421 | 77.00- | 16.900 | 1301.30- | _____ | 20308.41 |
| 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 | LIMA, EDUARDO | 1421 | 21.00- | 16.900 | 354.90- | _____ | 19953.51 |
| 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 | HAN, HAM | 22 | 16.00 | 16.900 | 270.40 | _____ | 20223.91 |
| 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 | HAN, HEAP | | 24.00 | 16.900 | 405.60 | _____ | 20629.51 |
| 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 | BETHANCOURT, | 1421 | 40.00- | 16.900 | 676.00- | _____ | 19953.51 |
| 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 | SUAY, SOS | 1421 | 24.00 | 16.900 | 405.60 | _____ | 20359.11 |
| 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 | CALDERON, MAR | 1421 | 72.00 | 16.900 | 1216.80 | _____ | 21575.91 |
| 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 | GUDIEL, WILSO | 1421 | 32.00 | 16.900 | 540.80 | _____ | 22116.71 |
| 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 | HOPKINS, BRAN | 14 | 158.00- | 16.900 | 2670.20- | _____ | 19446.51 |
| 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 | RODRIGUEZ-BAU | 1421 | 104.00 | 16.900 | 1757.60 | _____ | 21204.11 |
| 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 | CORRIEA, MELV | | 23.00 | 16.900 | 388.70 | _____ | 21592.81 |
| 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 | MOSQUEA, GILB | 175 | 156.00- | 16.900 | 2636.40- | _____ | 18956.41 |
| 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 | REYES, RUDY | 1421 | 41.00- | 16.900 | 692.90- | _____ | 18263.51 |
| 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 | LIMA, HECTOR | 1421 | 38.50 | 16.900 | 650.65 | _____ | 18914.16 |
| 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 | LOPEZ, GERSON | | 8.00 | 16.900 | 135.20 | _____ | 19049.36 |
| 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 | GUDIEL, FRANC | 1421 | 46.50 | 16.900 | 785.85 | _____ | 19835.21 |
| 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 | RECINOS, JUAN | 1421 | 105.00 | 16.900 | 1774.50 | _____ | 21609.71 |
| 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 | RECINOS, WALT | 1421 | 85.00 | 16.900 | 1436.50 | _____ | 23046.21 |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| *TOTAL DUE: | 657.50- | HRS | 11111.75- | | 23046.21 |
| *TOTAL PAID: | _____ | | _____ | | |
| *BALANCE: | _____ | | _____ | | |

*EMPLOYEES LISTED:    31
*EMPLOYEES PAID:    _____

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

MZT

12/14/06

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY
LAWRENCE, MA                    01840

REPORT DATE:     7/2006
ZONE. . . .:     MA 00
CONTRACT # :     WRK5
AUDIT # . .:     20423

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | ROSARIO, RAMO | 175 | 40.00 | 16.900 | 676.00 | _____ | 676.00 |
| 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 | BATISTA, RAMO | 175 | 16.00 | 16.900 | 270.40 | _____ | 946.40 |
| 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 | MARANO, THOMA | 175 | 40.00 | 16.900 | 676.00 | _____ | 1622.40 |
| 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 | BATISTA, ANGE | 175 | 32.00 | 16.900 | 540.80 | _____ | 2163.20 |
| 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 | HOPKINS, BRAN | 14 | 40.00 | 16.900 | 676.00 | _____ | 2839.20 |
| 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 | LIMA, HECTOR | 1421 | 32.00 | 16.900 | 540.80 | _____ | 3380.00 |

```
                    *TOTAL DUE:      200.00    HRS      3380.00              3380.00
                    *TOTAL PAID:    _____                   _____
                    *BALANCE:       _____                   _____

                    *EMPLOYEES LISTED:       6
                    *EMPLOYEES PAID:    _____
```

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA 01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

MZT

12/14/06

| | | | | | REPORT DATE: | 8/2006 |
|---|---|---|---|---|---|---|

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY                01840
LAWRENCE, MA

REPORT DATE:    8/2006
ZONE. . . .:    MA 00
CONTRACT # :    WRK5
AUDIT # . .:    20423

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| | | | | | 405.60 | _____ | 3785.60 |
| 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 | WALSH, RICHAR | 560 | 24.00 | 16.900 | 405.60 | _____ | 3785.60 |
| 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 | RECINOS, MARI | 1421 | 70.00- | 16.900 | 1183.00- | _____ | 2602.60 |
| 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 | BATISTA, RAMO | 175 | 16.00- | 16.900 | 270.40- | _____ | 2332.20 |
| 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 | MARANO, THOMA | 175 | 2.00- | 16.900 | 33.80- | _____ | 2298.40 |
| 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 | LEMUS, MANUEL | 1421 | 56.00- | 16.900 | 946.40- | _____ | 1352.00 |
| 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 | BATISTA, ANGE | 175 | 16.00- | 16.900 | 270.40- | _____ | 1081.60 |
| 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 | SOLIS, EUGENI | | 32.00- | 16.900 | 540.80- | _____ | 540.80 |
| 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 | HOPKINS, BRAN | 14 | 40.00- | 16.900 | 676.00- | _____ | 135.20 |
| 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 | LIMA, HECTOR | 1421 | 81.00 | 16.900 | 1368.90 | _____ | 1233.70 |
| 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 | RECINOS, WALT | 1421 | 30.00- | 16.900 | 507.00- | _____ | 726.70 |

*TOTAL DUE:        157.00-   HRS      2653.30-                   726.70
*TOTAL PAID:     _____            _____
*BALANCE:        _____            _____

*EMPLOYEES LISTED:      10
*EMPLOYEES PAID:    _____

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

MZT

12/14/06

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY                    01840
LAWRENCE, MA

REPORT DATE:    9/2006
ZONE. . . .:    MA 00
CONTRACT # :    WRK5
AUDIT # . .:    20423

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| | | | | | 2416.70 | _____ | 3143.40 |
| 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 | ROSARIO, RAMO | 175 | 143.00 | 16.900 | 270.40 | _____ | 3413.80 |
| 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 | WALSH, RICHAR | 560 | 16.00 | 16.900 | 540.80 | _____ | 3954.60 |
| 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 | PENA, ROBERTO | 175 | 32.00 | 16.900 | 540.80 | _____ | 4495.40 |
| 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 | BATISTA, RAMO | 175 | 32.00 | 16.900 | 2915.25 | _____ | 7410.65 |
| 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 | MARANO, THOMA | 175 | 172.50 | 16.900 | 405.60 | _____ | 7816.25 |
| 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 | HAMPE, PAUL D | 223 | 24.00 | 16.900 | 135.20 | _____ | 7951.45 |
| 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 | BATISTA, ANGE | 175 | 8.00 | 16.900 | 701.35 | _____ | 8652.80 |
| 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 | SOLIS, EUGENI | | 41.50 | 16.900 | 676.00 | _____ | 9328.80 |
| 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 | RECINOS, WALT | 1421 | 40.00 | 16.900 | | | |

```
                    *TOTAL DUE:      509.00   HRS      8602.10              9328.80
                    *TOTAL PAID:   _____                    _____
                    *BALANCE:      _____                    _____

                    *EMPLOYEES LISTED:      9
                    *EMPLOYEES PAID:    _____
```

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

MZT

12/14/06

| | | | | | REPORT DATE: | 10/2006 |

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY                    01840
LAWRENCE, MA

REPORT DATE:    10/2006
ZONE. . . .:    MA 00
CONTRACT # :    WRK5
AUDIT # . .:    20423

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | ROSARIO, RAMO | 175 | 40.00 | 16.900 | 676.00 | _____ | 10004.80 |
| 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 | WALSH, RICHAR | 560 | 60.00 | 16.900 | 1014.00 | _____ | 11018.80 |
| 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 | RECINOS, MARI | 1421 | 37.00 | 16.900 | 625.30 | _____ | 11644.10 |
| 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 | PENA, ROBERTO | 175 | 98.00 | 16.900 | 1656.20 | _____ | 13300.30 |
| 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 | BATISTA, RAMO | 175 | 112.00 | 16.900 | 1892.80 | _____ | 15193.10 |
| 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 | MARANO, THOMA | 175 | 117.00 | 16.900 | 1977.30 | _____ | 17170.40 |
| 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 | BATISTA, ANGE | 175 | 64.00 | 16.900 | 1081.60 | _____ | 18252.00 |
| 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 | LIMA, HECTOR | 1421 | 72.00 | 16.900 | 1216.80 | _____ | 19468.80 |
| 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 | ORDONEZ, ARMA | | 152.00 | 16.900 | 2568.80 | _____ | 22037.60 |
| 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 | RECINOS, JUAN | 1421 | 16.00 | 16.900 | 270.40 | _____ | 22308.00 |
| 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 | RECINOS, WALT | 1421 | 128.00 | 16.900 | 2163.20 | _____ | 24471.20 |

*TOTAL DUE:         896.00    HRS      15142.40              24471.20
*TOTAL PAID:      _____            _____
*BALANCE:         _____            _____

*EMPLOYEES LISTED:       11
*EMPLOYEES PAID:      _____

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000
AUDIT REMITTANCE REPORT

MZT

12/14/06

EMPLOYER: 51744
A C T ABATEMENT CORP
18 BROADWAY
LAWRENCE, MA

01840

REPORT DATE:     11/2006
ZONE. . . . .:   MA 00
CONTRACT # :     WRK5
AUDIT # . . .:   20598

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | ROSARIO, RAMO | 175 | 39.50 | 16.900 | 667.55 | _____ | 667.5 |
| 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 | WALSH, RICHAR | 560 | 8.00 | 16.900 | 135.20 | _____ | 802.7 |
| 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 | SALCEDO, TIBU | 560 | 40.00 | 16.900 | 676.00 | _____ | 1478.7 |
| 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 | RECINOS, MARI | 1421 | 123.00 | 16.900 | 2078.70 | _____ | 3557.4 |
| 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 | PENA, ROBERTO | 175 | 40.00 | 16.900 | 676.00 | _____ | 4233.4 |
| 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 | BATISTA, RAMO | 175 | 40.00 | 16.900 | 676.00 | _____ | 4909.4 |
| 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 | BATISTA, ANGE | 175 | 92.50 | 16.900 | 1563.25 | _____ | 6472.7 |
| 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 | SOLIS, EUGENI | | 40.00 | 16.900 | 676.00 | _____ | 7148.7 |
| 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 | BETHANCOURT, | 1421 | 125.00 | 16.900 | 2112.50 | _____ | 9261.2 |
| 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 | LIMA, HECTOR | 1421 | 80.00 | 16.900 | 1352.00 | _____ | 10613.2 |
| 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 | ORDONEZ, ARMA | | 72.00 | 16.900 | 1216.80 | _____ | 11830.0 |
| 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 | RECINOS, JUAN | 1421 | 32.00 | 16.900 | 540.80 | _____ | 12370.8 |
| 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 | RECINOS, WALT | 1421 | 40.00 | 16.900 | 676.00 | _____ | 13046.8 |

*TOTAL DUE:        772.00    HRS        13046.80                13046.8
*TOTAL PAID:      _____            _____
*BALANCE:         _____            _____

*EMPLOYEES LISTED:     13
*EMPLOYEES PAID:     _____