UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL J. MCNALLY, as he is )<br>TRUSTEE, MASSACHUSETTS LABORERS' )<br>WELFARE FUND and NEW ENGLAND )<br>LABORERS' TRAINING FUND, et al. )<br>       Plaintiffs ) | Civil Action No.<br>05-cv-10147-RCL |
| v. ) | |
| A.C.T. ABATEMENT CORP., )<br>       Defendant )<br>           and ) | |
| PEABODY CONSTRUCTION COMPANY, )<br>       Reach-and-Apply Defendant )<br>           And ) | |
| FLEET BANK, )<br>       Trustee ) | |

## STATUS REPORT OF A.C.T. ABATEMENT CORP.

The Defendant, A.C.T. Abatement Corporation ("ACT") hereby submits this status report pursuant to the Court's instruction, as set forth during the status conference conducted on August 22, 2007.

On or about June 29, 2007, Michele Zaff, Esquire, was appointed a receiver of ACT by the Massachusetts Superior Court (Macdonald, J.). (*See* Court Order dated June 29, 2007, attached hereto as Exhibit 1.) Despite the appointment of the receiver, ACT wishes to proceed with an audit. However, because of logistical problems arising out of the involvement of the receiver, ACT has been unable to coordinate with the pension funds a mutually agreeable date.

It remains ACT's intent to cooperate with the pension funds and ensure that an audit is conducted.

                                          A.C.T. Abatement Corp.

                                          By its attorney,

Dated: October 31, 2007                        /s/ William R. Bagley Jr.
                                        Ronald W. Dunbar, Jr., BBO#567023
                                        William R. Bagley Jr. BBO#644575
                                        Andrew E. Goloboy, BBO#663514
                                        DUNBAR LAW, P.C.
                                        10 High Street, Suite 700
                                        Boston, MA 02110
                                        (617)244-3550

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 31, 2007.

                                          /s/ William R. Bagley Jr.
                                          William R. Bagley Jr.

NOTIFY

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
CIVIL ACTION
NO. 07-1928-E

Notice sent
7/02/2007
R. S.
M. Z.

(sc)

ENVIROSCIENCE CONSULTANTS, INC,
Plaintiff

v.

A.C.T. ABATEMENT CORPORATION.,
Defendant

ORDER APPOINTING RECEIVER

On June 5, 2007 there was a hearing before the Court on the plaintiff's petition to appoint a receiver. On the basis of the evidence submitted, it is ORDERED that:

1. Michelle Zaff, Esq., PO Box 627, Needham, MA 02494 is appointed Receiver of the defendant A.C.T. Abatement Corporation.
2. The defendant and its officers, servants, agents and attorneys and each of them are hereby required and ORDERED to deliver to said Receiver all books, records, accounts and assets of the defendant.
3. The defendant and its officers, servants, agents and attorneys and each of them are hereby restrained and enjoined from collecting any of the debts or accounts due to the defendant, and from using, spending, injuring, conveying, transferring, selling, or in any manner disposing of or encumbering any of the assets aforesaid, except to deliver them into the hands of said Receiver.
4. The Receiver is hereby directed to collect all sums due to the defendant, for the benefit of the parties hereafter determined to be entitled thereto, and to conserve and manage the assets of the defendant.
5. The Receiver shall provide to the Court an accounting required by Rule 66 of the Massachusetts Rules of Civil Procedure and the applicable provisions of the General Laws.
6. The Receiver is authorized to and shall receive all mail and other communications and products delivered to the defendant.

7. The Receiver shall deposit all money received in some national bank, trust company, co-operative bank or Massachusetts savings bank in his name as Receiver, but no disbursements of these funds shall be made by the Receiver without further order of the Court.
8. The Receiver, may apply to the Court from time to time for such further directions, or orders as may seem necessary or appropriate.
9. The Receiver, her agents and attorneys shall not be personally liable for any actions or inaction arising out of the discharge or performance of the Receiver's duties and powers. Any judgment recovered against the Receiver, as such, or against the defendant, shall be payable only from the funds of the defendant.
10. Either of the parties may apply to the Court for further relief, and the Court reserves the right to make and enter such further orders, upon appropriate application, as may be necessary or desirable.

SO ORDERED.

*[signature]*
D. Lloyd Macdonald
Justice of the Superior Court

DATED: June 29, 2007